*225 JUSTICE GRAY
delivered the Opinion of the Court.
On January 29,1992, Darren J. Brown (Brown) pled guilty to one count each of felony criminal endangerment, negligent homicide and obstructing justice. The charges stemmed from Brown’s participation in an incident in Whitehall, Montana, during which he lost control of his vehicle and struck two pedestrians. Mona Ness was killed instantly and Theresa Wilkinson was injured severely.
The District Court sentenced Brown to terms of imprisonment, partially suspended, and conditioned the suspended portion of his sentence on payment of restitution to the victims and/or their families. Because we identify a number of errors in the restitution condition, we reverse that portion of the sentence, and remand for further proceedings.
In sentencing Brown, the District Court found that, although the husbands and families of Mona Ness and Theresa Wilkinson had all incurred staggering financial losses, the exact dollar amount of those damages was unclear. It also found that Brown had been employed as a prison guard, had marketable skills and owned a car, a number of guns and $2,580 in a Public Employees’ Retirement System (PERS) account. Based on these findings, the District Court subjected Brown’s suspended sentence to the following condition:
7. The Defendant shall pay restitution to the victims of his said offenses. However, the determination of the exact amount of such restitution, due each victim and/or victim’s family (comprising the estate of Mona Ness and/or her husband and family, and Theresa Wilkinson and/or her husband and family) shall not be made by the Court until civil remedies have been exhausted and the Court retains jurisdiction over the restitution issues and any all [sic] issues pertinent thereto. Further, pending an ultimate determination of such restitution issues by the Court, the Adult Probation and Parole Bureau is authorized and directed to withdraw the proceeds of the Defendant’s account with the Public Employees’ Retirement System, to sell the Defendant’s 1979 Trans Am, to sell all of the Defendant’s firearms... and to equally divide the proceeds of all such withdrawals and sales between (the estate of) Mona Ness and Theresa Wilkinson ... All such distributions to victims shall be applied to the total restitution amount which is ultimately determined....
Section 46-18-201(l)(b), MCA, expressly authorizes a district court to condition a suspended sentence on payment of restitution to the *226 victim. Other statutes provide detailed procedures and requirements for imposing restitution as a condition of a sentence under § 46-18-201, MCA. See §§ 46-18-241 through 250, MCA. We agree with the parties that, in large part, these procedures and requirements were not met here when the District Court imposed restitution as a condition of Brown’s suspended sentence.
When a court believes restitution may be a proper condition of a sentence, the presentence investigation report must include:
(a) documentation of the offender’s financial resources and future ability to pay restitution; and
(b) documentation of the victim’s pecuniary loss. ...
Section 46-18-242, MCA.
The presentence investigation report prepared in this case contains no documentation of the pecuniary loss of either victim as required by § 46-18-242(2), MCA. Section 46-18-243(1), MCA, defines pecuniary loss as:
(a) all special damages, but not general damages, substantiated by evidence in the record, that a person could recover against the offender in a civil action arising out of the facts or events constituting the offender’s criminal activities, including without limitation the money equivalent of loss resulting from property taken, destroyed, broken, or otherwise harmed and out-of-pocket losses, such as medical expenses; and
(b) reasonable out-of-pocket expenses incurred by the victim in filing charges or in cooperating in the investigation and prosecution of the offense.
The report states only that Mr. Wilkinson estimated Theresa’s medical expenses in excess of $150,000 and further notes that Mona Ness was earning $10 per hour at the time of her death. As the statute indicates, pecuniary loss must be documented by evidence in the record. Clearly, these minimal assertions do not comply with the statutory requirements.
Additionally, the presentence investigation report contains inadequate documentation of Brown’s financial resources. While it listed Brown’s current assets, it only assigned a monetary value to his PERS retirement account. Further, although the report noted that Brown was suspended without pay from his job as a prison guard, it provided no documentation regarding Brown’s future ability to pay restitution after his release from prison.
*227 We conclude that the presentence investigation and report in the case before us did not comply with § 46-18-242, MCA. Without the documentation required by the statute, a district court is unable to make a meaningful determination of the propriety or amount of a restitution provision in a sentence.
As a probable consequence of the lack of information in the presentence investigation report, the District Court’s actual order of restitution also is deficient. Section 46-18-244(1), MCA, requires the court to specify the amount, method and time of payment of restitution to the victim. None of these requirements was met in this case. Furthermore, § 46-18-244(2), MCA, requires the court to consider the defendant’s financial resources and future ability to pay restitution when determining the amount, method and time of payment. Under Montana’s statutory scheme, district courts are not authorized to order restitution until all such statutory requirements are satisfied.
Additionally, the parties agree that the District Court improperly contemplated restitution to the victims’ families. Restitution is statutorily limited to the “victim” of the crime, who is defined as “a person who suffers a loss of property, bodily injury, or death as a result of criminally injurious conduct.” Section 46-18-243(2)(a), MCA. As conceded by the State, the individual family members cannot be considered victims because they have not suffered a “loss of property, bodily injury, or death” as a result of Brown’s conduct.
We hold that the District Court did not comply with §§ 46-18-242 through 244, MCA, in conditioning Brown’s suspended sentence on restitution to the victims and their families. As detailed above, the presentence investigation report and the District Court’s order of restitution did not meet the statutory requirements for the imposition of restitution on a suspended sentence.
Brown asserts additional error in the asset forfeiture portion of the District Court’s restitution condition, arguing that the court was without any statutory authority to order the sale of his assets. The State argues, on the other hand, that the asset forfeiture is authorized as a “limitation reasonably related to the objectives of rehabilitation and the protection of society” pursuant to § 46-18-202(l)(e), MCA. We conclude that Brown is partially correct in his assertion.
Section 46-18-201(l)(b), MCA, allows a sentencing court to impose reasonable restrictions or conditions such as restitution only during the period of the suspended sentence. In Brown’s case, only ten years of his thirty-year sentence were suspended. Thus, no condition, *228 including the asset forfeiture portion of the restitution provision, can commence until the suspended portion of Brown’s sentence begins — after he has served his time in the state prison. In an analogous situation in State v. Klippenstein (1989), 239 Mont. 42, 46, 778 P.2d 892, 895, even though we interpreted a different time-related limitation on the sentencing court’s authority, we concluded that a present order to sell the defendant’s assets was improper. Here, § 46-18-201(l)(b), MCA, is clear — conditions, including restitution in general and the asset forfeiture portion in particular, may only be imposed on Brown during the period of his suspended sentence.
The State argues that § 46-18-202(l)(e), MCA, authorizes the asset forfeiture provision. We conclude that § 46-18-202(l)(e), MCA, is inapplicable here; therefore, we do not address whether an asset forfeiture could come within the parameters of the catch-all provision in § 46-18-202, MCA, under other circumstances.
Here, the District Court unambiguously imposed the asset forfeiture provisions as part of the restitution condition of Brown’s suspended sentence pursuant to § 46-18-201(l)(b), MCA. Section 46-18-201(l)(b), MCA, allows the court to impose, as a condition of a suspended sentence, any condition listed in § 46-18-201(l)(a), MCA, including the catch-all “any other reasonable conditions considered necessary for rehabilitation or for the protection of society’ contained in § 46-18-20l(l)(a)(xii), MCA. The language of the catch-all provisions of §§ 46-18-201(l)(a) and 46-18-202(l)(e), MCA, is nearly identical. Had the court actually relied on § 46-18-201(l)(a)(xii), MCA, in imposing an asset forfeiture separate from the restitution requirement, it would have been bound by the “during the period of suspended sentence” limitation in § 46-18-201(l)(b), MCA. Therefore, § 46-18-202(l)(e), MCA, cannot be utilized to avoid the terms of the specific statutory limitations relating to suspended sentences in § 46-18-201(l)(b), MCA; namely, the District Court may impose conditions on Brown as part of his suspended sentence only during the period of the suspended sentence.
We conclude that the District Court erred in ordering the present sale of Brown’s assets because of the specific limitations in § 46-18-20 l(l)(b), MCA, and the inapplicability of § 46-18-202(l)(e), MCA to the suspended sentence before us. At this juncture, it would be premature to assume that restitution will be ordered again and that an order to sell Brown’s assets will be included in any future order. As such, we decline to rule on the actual merits of whether an asset *229 forfeiture provision can be part of an otherwise appropriate restitution order.
As a final matter, Brown urges this Court to simply vacate the restitution portion of his sentence rather than remanding for further proceedings, arguing that a further hearing will not establish his future ability to pay. We decline to do so. As explained earlier, the presentence investigation and report are devoid of evidence of Brown’s future financial ability to make restitution payments. On the basis of the existing record, this Court is in no better position to conclude that Brown is or is not able to make future restitution payments than was the District Court. Therefore, we remand this case for further proceedings with regard to the restitution portion of Brown’s sentence and, in the event restitution is again ordered, for entry of appropriate findings.
Reversed and remanded for further proceedings consistent with this opinion.
JUSTICES HARRISON, WEBER and NELSON concur.