No. 01-639

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 258

ROGER LARUE GILBERT,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Second Judicial District,
                     In and for the County of Silver Bow,
                     The Honorable John W. Whelan, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Roger L. Gilbert (pro se), Glendive, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Micheal S. Wellenstein, Assistant
                Attorney General, Helena, Montana

                Robert M. McCarthy, Butte-Silver Bow County Attorney; Carlo Canty,
                Deputy County Attorney, Butte, Montana

                           Submitted on Briefs:  May 2, 2002

                                 Decided:  November 21, 2002

Filed:

_____
                           Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Appellant Roger Gilbert pled guilty to and was sentenced for negligent arson and burglary in the Second Judicial District Court, Silver Bow County. Gilbert subsequently filed a petition for postconviction relief. The petition challenged the legality of the District Court's retention of jurisdiction for purposes of parole and a restitution provision in the sentence. The District Court denied Gilbert's petition and Gilbert appeals. We reverse and remand.

¶2 We address the following issues on appeal:

¶3 1. Did the District Court err when it retained jurisdiction to revisit Gilbert's parole restriction?

¶4 2. Did the District Court err when it postponed the consideration and imposition of restitution?

## BACKGROUND

¶5 On October 12, 1999, the State filed an information in the District Court which charged Gilbert with: arson, a felony, in violation of § 45-6-103, MCA (1997), or in the alternative negligent arson, a felony or misdemeanor, in violation of § 45-6-102, MCA (1997); two counts of burglary, both felonies, in violation of § 45-6-204, MCA (1997); and theft, a felony, in violation of § 45-6-301, MCA (1997). On October 14, 1999, Gilbert pled guilty to negligent arson and one count of burglary. Pursuant to a plea agreement, the State dismissed the remaining charges.

¶6 Following a sentencing hearing, and after considering the State's sentencing recommendation and a pre-sentence investigation

2

conducted by the Montana Adult Probation and Parole Office, the District Court entered its Judgment and Order of Commitment on February 7, 2000. The District Court sentenced Gilbert to ten years in the Montana State Prison, five suspended, for the offense of negligent arson and fifteen years in the Montana State Prison, ten suspended, for the offense of burglary, to be served concurrently with the negligent arson sentence.

¶7 Further, based on Gilbert's "extensive criminal history" and pursuant to § 46-18-202(2), MCA, the District Court declared Gilbert ineligible for parole or any supervised release program during the unsuspended portion of the sentence. However, in the very next sentence, the District Court seemingly contradicted this restriction by declaring Gilbert eligible for parole once he completed chemical or substance abuse treatment, obtained a mental evaluation and complied with the recommended treatment, and completed a boot camp program administered by the Department of Corrections. The court maintained that it retained "continuing jurisdiction in this matter and may reconsider the parole restriction specifically set forth above upon petition of the Defendant in the event the Defendant successfully completes each of the foregoing conditions." Finally, the District Court ordered that during the portion of the suspended sentence, and in the event that Gilbert is granted early parole, Gilbert "shall pay restitution in an amount to be stipulated by counsel and approved by the Court."

3

¶8 On October 3, 2000, Gilbert filed a petition for postconviction relief. In his petition, Gilbert alleged, in part, that the District Court imposed an illegal sentence in that the court had no authority to retain jurisdiction over the parole eligibility matter. Further, Gilbert maintained that the District Court unlawfully imposed the restitution provision. Gilbert filed an amended petition for postconviction relief on February 1, 2001, which raised additional issues irrelevant to this appeal. Following a hearing, the District Court denied the petition on June 20, 2001. On August 3, 2001, Gilbert filed a notice of appeal from the District Court's order of denial.

## STANDARD OF REVIEW

¶9 The standard of review of a district court's denial of a petition for postconviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Wright*, 2001 MT 282, ¶ 9, 307 Mont. 349, ¶ 9, 42 P.3d 753, ¶ 9.

## DISCUSSION

## ISSUE ONE

¶10 Did the District Court err when it retained jurisdiction to revisit Gilbert's parole restriction?

¶11 The District Court's February 7, 2000, judgment and order contains two distinct, yet seemingly contradictory, parole provisions. Initially, the District Court stated:

> IT IS THE DECISION OF THIS COURT that pursuant to Section 46-18-202(2), MCA and for the specific reason of the Defendant's extensive criminal history, the Defendant

4

> shall be ineligible for parole or participation in any form of any supervised release program while the Defendant is serving the unsuspended, concurrent five (5) year terms of imprisonment ordered by the Court.

However, the very next statement in the District Court's order provides:

> IT IS THE FURTHER ORDER OF THIS COURT that pursuant to Section 46-18-202(2), MCA and for the specific reason of the Defendant's extensive criminal history, the Defendant shall be ineligible for parole or participation in any form of any supervised release program until the Defendant has: (a) satisfactorily completed in full all courses of counseling or treatment for chemical or substance abuse at the Montana State Prison made available by and determined to be in the Defendant's best interests of rehabilitation by the Department of Corrections; (b) obtained a full scale mental evaluation and any recommended course of counseling or treatment made available by the Department of Corrections; and (c) completed the Treasure State Correctional Training Facility (boot camp) program administered by the Department of Corrections.

As to the latter provision, the District Court retained "continuing jurisdiction" to reconsider the parole restriction set forth in the former provision.

¶12 Gilbert argues that a district court may retain jurisdiction to revisit a previously imposed sentence in select statutorily provided circumstances. Gilbert maintains that no statutory exception applies to the case at bar. Therefore, according to Gilbert, the District Court erred when it retained continuing jurisdiction to reexamine Gilbert's parole restriction. Gilbert, rather tenuously, asserts that since the retention of jurisdiction was unlawful, this Court should not only strike the retention provision of the judgment, but should also vacate the parole restriction altogether.

5

¶13  The State maintains that the District Court did not unlawfully retain jurisdiction because the retention "did not change or modify Gilbert's underlying sentence."  If we conclude otherwise, the State contends that we should simply strike the retention of jurisdiction provision from the sentence and allow the parole board to determine whether Gilbert has satisfied the parole eligibility requirements.

¶14  The State's alternative suggestion does not appear to be a workable solution.  For, if we merely strike the retention of jurisdiction provision, the District Court's judgment and order will still contain the contradictory parole restriction and parole eligibility provisions.  It is unclear to us whether the parole board would even examine Gilbert's parole eligibility in the face of the clear parole preclusion immediately preceding the eligibility provision.  Thus, we will first determine whether the District Court lawfully imposed each of the provisions.  If we conclude that the provisions were lawfully imposed, we will next determine how to reconcile the apparent contradiction.

¶15  Section 46-18-202(2), MCA, provides:

> Whenever the sentencing judge imposes a sentence of imprisonment in a state prison for a term exceeding 1 year, the sentencing judge may also impose the restriction that the offender is ineligible for parole and participation in the supervised release program while serving that term.  If the restriction is to be imposed, the sentencing judge shall state the reasons for it in writing.  If the sentencing judge finds that the restriction is necessary for the protection of society, the judge shall impose the restriction as part of the sentence and the judgment must contain a statement of the reasons for the restriction.

6

Clearly, the District Court imposed a sentence of imprisonment which exceeded one year. Further, the District Court declared Gilbert ineligible for parole or participation in any supervised release program "for the specific reason of the Defendant's extensive criminal history." We conclude that the District Court sufficiently complied with the requirements of § 46-18-202(2), MCA, and, therefore, lawfully imposed the parole restriction.

¶16 As for his parole eligibility, Gilbert does not challenge the District Court's authority to impose such a provision and we agree that it was certainly within the District Court's discretion to do so. However, Gilbert maintains that the District Court lacked authority to retain jurisdiction over the parole eligibility determination as courts generally lack jurisdiction to modify a previously imposed sentence. Gilbert indicates that "[t]he only exception to a court retaining jurisdiction, under Montana law, is with regards to a sentencing court retaining jurisdiction for the boot camp incarceration program pursuant to § 53-30-401, et seq., MCA." However, Gilbert insists that the circumstances surrounding his case made it impossible to satisfy the statutory exception. Consequently, Gilbert asserts that the District Court imposed an unlawful sentence and, thus, erred when it denied the relief requested in his petition for postconviction relief.

¶17 Once a valid sentence is imposed, a court lacks jurisdiction to modify that sentence absent specific statutory authority. *State v. Richards* (1997), 285 Mont. 322, 325, 948 P.2d 240, 241. Further, a court cannot reserve the right to change the sentence or

7

add conditions at a later time. *State v. Rennick*, 1999 MT 155, ¶ 9, 295 Mont. 97, ¶ 9, 983 P.2d 907, ¶ 9. Here, the District Court essentially declared Gilbert ineligible for parole while serving the unsuspended portion of his sentence. Subsequently, the District Court reserved the right to modify the sentence, i.e., lift the parole restriction. Absent statutory authority for this reservation, the District Court lacked jurisdiction to revisit the parole restriction.

¶18 Section 53-30-402, MCA, provides:

**Sentence reduction for offenders.** A sentencing court retains jurisdiction for purposes of this section. A sentencing court may order a reduction of sentence for a convicted offender who:

(1) is certified by the department as having successfully completed the boot camp incarceration program; and

(2) applies to the court within 1 year after beginning to serve a sentence at a correctional institution.

Essentially, this provision extends a sentencing court's jurisdiction over the imposition of sentence for one year following commencement of the sentence. Gilbert maintains that the facts of this case precluded application of § 53-30-402, MCA, because he could not have completed the boot camp program and applied to the court for reconsideration within one year of his sentence commencement.

¶19 We need not indulge Gilbert in a lengthy review of these assertions as the District Court's order conditioned reconsideration on three occurrences: completion of chemical or substance abuse treatment, a mental evaluation and corresponding

8

treatment, and the boot camp program administered by the Department of Corrections. At the time the District Court imposed Gilbert's sentence, § 53-30-402, MCA, presumably warranted continuing jurisdiction to review the boot camp condition. However, neither the District Court nor the State has cited any statutory authority which authorized continuing jurisdiction for the District Court to review the substance abuse treatment and mental evaluation conditions.

¶20 We find it curious that Gilbert is challenging a sentencing provision imposed for his benefit. Nevertheless, Gilbert correctly asserts that the District Court lacked statutory authority to retain jurisdiction over his parole restriction. Therefore, we hold that the District Court erred when it denied Gilbert's petition for postconviction relief with respect to the retention of jurisdiction.

¶21 Upon striking the reservation of jurisdiction provision, the District Court's judgment is still left with the parole restriction and the parole eligibility provisions. In resolving this contradiction, the parties have suggested, all in the name of the District Court's intent, striking the parole restriction, striking the parole eligibility provision, or retaining both and allowing the parole board to consider the conditions imposed in the District Court's judgment. We do not believe it appropriate in this case to determine the District Court's intent in imposing Gilbert's sentence. As the District Court affirmatively included both provisions in the judgment, one could ostensibly argue the court's

9

intent either way.  Under these circumstances, the court's intent should more appropriately be declared by the District Court itself.  Therefore, we remand this matter to the District Court to consider two options: retain the parole restriction and, therefore, strike the conditional parole provision from its judgment; or strike the parole restriction provision from the judgment and allow the appropriate authorities to monitor the conditional parole provision.

ISSUE TWO

¶22  Did the District Court err when it postponed the consideration and imposition of restitution?

¶23  In its February 7, 2000, judgment, the District Court stated:

> IT IS THE FURTHER ORDER OF THIS COURT that during the suspended portions of the sentences imposed herein and in the event the Defendant is granted parole or participation in a supervised release program of any form, the Defendant shall be subject to the following terms and conditions of probation:
>
> ....
>
> 5.  The Defendant shall pay restitution in an amount to be stipulated by counsel and approved by the Court.

In his petition for postconviction relief, Gilbert challenged the postponement of the restitution consideration.  As to that challenge, the District Court concluded:

> The Defendant's argument is misplaced in that the Court has yet to make a specific order regarding restitution.  The Court notes that at the time of sentencing, the scope and extent of pecuniary loss caused by the Defendant was then inascertainable. . . . Upon stipulation by counsel as to a proposed monetary amount of restitution, the Court shall conduct further hearing at which the Defendant shall be fully and fairly represented with ability to challenge any claim or request for restitution.  The Defendant may not now

10

challenge Condition Number 5 where the Court has yet to ascertain or consider any specific amount of restitution.

¶24      Section 46-18-241, MCA, provides in pertinent part:

> **Condition of restitution.** (1) As provided in 46-18-201, a sentencing court shall require an offender to make full restitution to any victim of the offense who has sustained pecuniary loss as a result of the offense, including a person suffering an economic loss as a result of the crime. The duty to pay full restitution under the sentence remains with the offender until full restitution is paid.

Further, § 46-18-242(1), MCA, provides:

> Whenever the court believes that a victim of the offense may have sustained a pecuniary loss as a result of the offense or whenever the prosecuting attorney requests, the court shall order the probation officer, restitution officer, or other designated person to include in the presentence investigation and report:
> (a) documentation of the offender's financial resources and future ability to pay restitution; and
>
> (b) documentation of the victim's pecuniary loss . . . .

The presentence investigation report in this case contains no documentation of Gilbert's financial resources, his future ability to pay restitution, or the victims' pecuniary loss.

¶25      Gilbert insists that the absence of the statutorily mandated documentation renders the District Court's restitution provision illegal. *See State v. Brown* (1994), 263 Mont. 223, 867 P.2d 1098, *superseded on other grounds by* § 46-18-241, MCA. Gilbert requests that we remand the matter to the District Court for a proper determination of restitution pursuant to the statutory scheme. On appeal, the State concedes the following:

> While the State agrees with the district court that due to Gilbert's act of arson it was difficult to ascertain the amount of restitution at the time of sentencing, and also understands why the court decided to

11

wait on counsel to arrive at a stipulated amount rather than setting restitution at sentencing, the statutes authorizing restitution nonetheless contemplate that the restitution amount will be determined at the sentencing hearing pursuant to specific statutory requirements. . . . As a result, the State agrees with Gilbert that the district court's restitution order was illegal. The State also agrees with Gilbert's proposed remedy, namely that this matter should be remanded to the district court for a determination of the amount of restitution pursuant to the restitution statutes.

¶26 Based on the foregoing, we conclude that the District Court erred when it postponed consideration of restitution. Thus, the District Court subsequently erred when it denied Gilbert's petition for postconviction relief with regard to the restitution issue. We remand on the issue of restitution for the District Court to proceed in accordance with the restitution provisions.

¶27 Reversed and remanded for further proceedings consistent with this Opinion.

/S/ JIM REGNIER

We Concur:

/S/ TERRY N. TRIEWEILER
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART