CHIEF JUSTICE GRAY
delivered the Opinion of the Court.
¶1 William Hopkins Rinkenbach (Rinkenbach) appeals from the judgment entered by the Eleventh Judicial District Court, Flathead County, on his conviction and sentence for the offense of assault on a peace officer. We reverse in part and remand for resentencing.
¶2 Rinkenbach raises the following issues:
¶3 1. Did the District Court commit plain error in instructing the jury?
¶4 2. Did Rinkenbach receive ineffective assistance of counsel?
¶5 3. Did the District Court err in sentencing Rinkenbach by requiring him to pay restitution, fines and court costs without adequate evidentiary foundation?
BACKGROUND
¶6 In July of2001, the State of Montana (State) charged Rinkenbach by information with the felony offenses of assault on a peace officer and criminal possession of dangerous drugs. The charges were based on circumstances surrounding a late night encounter between Rinkenbach and Deputy Patrick Ward (Ward) of the Flathead County Sheriffs Office. The drug possession charge subsequently was *501 dismissed, the case proceeded to trial on the assault charge and the jury found Rinkenbach guilty of the offense of assault on a peace officer. The District Court sentenced Rinkenbach and entered judgment on the conviction and sentence. Rinkenbach appeals.
DISCUSSION
¶7 1. Did the District Court commit plain error in instructing the jury?
¶8 The offense of assault on a peace officer is defined as purposely or knowingly causing bodily injury to a peace officer. Section 45-5-210(a), MCA. The District Court gave the jury Instruction 11 at the close of trial, which states as follows:
Purpose and knowledge ordinarily may not be proved directly because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer the Defendant’s state of mind, including his purpose and knowledge, from the Defendant’s acts and all other facts and circumstances in evidence which indicate his state of mind. In this case, the State is only required to prove the Defendant acted voluntarily.
During deliberations, the jury sent the District Court a note indicating a perceived lack of clarity in the use of the word “voluntarily” in Instruction 11, and asking the court to either reword the instruction or inform them whether voluntarily constitutes purpose and knowledge. Rinkenbach’s counsel, the State and the court consulted and agreed not to respond to the question. The court had the bailiff tell the jury it must rely on the instructions as given.
¶9 Rinkenbach contends the District Court erred in giving the jury this instruction. He asserts the final sentence of the instruction confused the jury and lessened the State’s burden of proving beyond a reasonable doubt that he acted purposely or knowingly.
¶10 Rinkenbach also contends the District Court erred in giving the jury Instruction 12, which stated that
[a] person is not authorized to use force to resist an arrest which he knows is being made by a peace officer even if he believes that an arrest is unlawful and the arrest in fact is unlawful.
Rinkenbach asserts that Instruction 12 was prejudicial in that it was inapplicable in this case because he was not charged with resisting arrest and likely distracted the jury from considering the elements of the assault on a peace officer offense with which he was actually charged.
¶11 In response, the State first asserts that we should decline to *502 address Rinkenbach’s claims of instructional error because he failed to object to the instructions at the time they were offered and failed to request a curative instruction when the jury questioned the meaning of Instruction 11 and, indeed, agreed not to respond. Generally, we will not review jury instructions where the party asserting error did not object to the instructions at the time they were proposed. See § 46-16-410(3), MCA; State v. Earl, 2003 MT 158, ¶ 23, 316 Mont. 263, ¶ 23, 71 P.3d 1201, ¶ 23.
¶12 Rinkenbach concedes that he did not object to the given instructions and did not offer an alternative instruction when the jury sent out its question on Instruction 11. He asserts, however, that we should review the merits of his claims of instructional error under the common law plain error doctrine. With regard to Instruction 11, Rinkenbach relies on State v. Sigler (1984), 210 Mont. 248, 688 P.2d 749, for the proposition that plain error review is appropriate when an appellant asserts instructional error regarding the mental state element of the charged offense.
¶13 We may discretionarity review claimed errors-even absent timely objection-which implicate a defendant’s fundamental constitutional rights where failing to review the claimed error may result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings or compromise the integrity of the judicial process. State v. Daniels, 2003 MT 247, ¶ 20, 317 Mont. 331, ¶ 20, 77 P.3d 224, ¶ 20 (citation omitted). Common law plain error review should be employed sparingly, on a case-by-case basis, and is not to be used as a prophylactic for errors made by careless counsel. Daniels, ¶ 20; Earl, ¶ 25. Moreover, Rinkenbach’s reliance on Sigler notwithstanding, we have declined to invoke plain error review of asserted instructional error regarding the mental state element of an offense. See Earl, ¶¶ 21 and 26.
¶14 In this case, our review of the record indicates Rinkenbach has not demonstrated that his asserted instructional errors constitute fundamental unfairness amounting to plain error. In other words, failing to review his claimed errors will not result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings or compromise the integrity of the judicial process. Consequently, we decline to invoke plain error review.
¶15 2. Did Rinkenbach receive ineffective assistance of counsel?
¶16 Rinkenbach asserts he received ineffective assistance of counsel at trial because his counsel failed to object to jury Instruction 11, failed to offer a curative instruction when the jury expressed confusion over *503 Instruction 11, and failed to offer an instruction giving the jury the option of convicting him of the lesser offense of resisting arrest. In addressing ineffective assistance of counsel claims, we apply the two-prong test from Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, which requires a defendant to establish that his counsel’s performance fell short of the range of competence required of attorneys in criminal cases and the deficient performance was prejudicial to the defendant’s case. See State v. Hendricks, 2003 MT 223, ¶ 6, 317 Mont. 177, ¶ 6, 75 P.3d 1268, ¶ 6 (citations omitted).
¶17 With regard to the first prong of the Strickland test, we have held that, in a direct appeal, there must be evidence of record establishing the reasons underlying counsel’s allegedly deficient conduct in order to determine whether counsel’s actions fell short of the range of reasonable professional conduct. Hendricks, ¶ 9 (citations omitted). Where the record contains insufficient evidence on which to make that determination, an ineffective assistance of counsel claim should be raised in a postconviction relief proceeding, and the direct appeal of that issue should be dismissed. Hendricks, ¶ 10 (citations omitted).
¶18 Here, the record before us is silent regarding the reasons underlying counsel’s actions. Because the record is insufficient to determine whether counsel rendered ineffective assistance, we conclude it is more appropriate for this issue to be raised via a postconviction relief proceeding. Consequently, this issue is dismissed without prejudice to its being raised in such a proceeding.
¶19 3. Did the District Court err in sentencing Rinkenbach by requiring him to pay restitution, fines and court costs without adequate evidentiary foundation?
¶20 On January 14, 2002, the District Court held a sentencing hearing, following which it sentenced Rinkenbach to the Montana State Prison for an eight-year term with three years suspended. In addition, the court ordered Rinkenbach to pay $1,721.95 in restitution for the medical expenses incurred by Ward as a result of the altercation, $500 in public defender fees and a $1,000 fine. Rinkenbach contends that the District Court erred in ordering him to pay the restitution, public defender fees and fine because the court did not comply with the statutory procedures governing their imposition. Consequently, according to Rinkenbach, the portion of his sentence requiring him to pay these monies is illegal and should be stricken. We review a district court’s sentence for legality only and confine our review to determining whether the sentence is within statutory parameters. State v. Pritchett, 2000 MT 261, ¶ 6, 302 Mont. 1, ¶ 6, 11 *504 P.3d 539, ¶ 6.
¶21 The State concedes that §§ 46-18-244, -242, -231 and -112, MCA, require a district court to receive evidence regarding the victim’s pecuniary loss, as well as the defendant’s financial resources, and to consider the financial resources of the defendant and his or her ability to pay when determining whether to impose restitution, fines and public defender fees as part of a criminal sentence. The State also does not dispute that the presentence investigation report did not contain documentation of Ward’s medical expenses or Rinkenbach’s financial status, the District Court did not receive evidence at the sentencing hearing regarding those matters, and the written sentencing report contains no findings of fact in that regard. However, while conceding that the District Court’s order that Rinkenbach pay restitution, public defender fees and a fine is illegal, the State contends that the case should be remanded for resentencing so that the court may conduct an evidentiary hearing.
¶22 In State v. Brown (1994), 263 Mont. 223, 227, 867 P.2d 1098, 1101, we held that the district court erred in sentencing Brown to pay restitution where the presentence investigation report contained no documentation of the victim’s pecuniary loss or Brown’s financial status, and the court failed to consider his financial resources and ability to pay when it imposed restitution. However, we rejected Brown’s request to simply vacate the restitution portion of the sentence. Because the record was devoid of evidence relating to the statutory considerations to be made in imposing restitution, we were in no better position than the district court to determine the amount of, or Brown’s ability to pay, restitution. For that reason, we remanded for further proceedings regarding the restitution portion of the sentence. Brown, 263 Mont. at 229, 867 P.2d at 1102.
¶23 As in Brown, the record before us in this case is devoid of evidence documenting either the appropriate amount of-or Rinkenbach’s ability to pay-the restitution, fine and public defender fees. Consequently, we conclude this case must be remanded for an evidentiary hearing in the District Court, followed by an amended sentence and judgment, regarding the restitution, fine and public defender fees portions of Rinkenbach’s sentence.
¶24 Reversed in part and remanded for farther proceedings consistent with this Opinion.
JUSTICES LEAPHART, RICE and WARNER concur.