No. 04-285

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 368

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

ROGER LeRUE GILBERT,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DC-99-109
Honorable John W. Whelan, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Roger L. Gilbert, *Pro Se*, Deer Lodge, Montana

       For Respondent:

          Hon. Mike McGrath, Attorney General; Micheal W.
Wellenstein, Assistant Attorney General, Helena, Montana

          Robert McCarthy, Silver Bow County Attorney; Samm T. Cox,
Deputy County Attorney, Butte, Montana

Submitted on Briefs:  November 4, 2004

Decided:  December 21, 2004

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 On remand from this Court after a previous appeal, the Second Judicial District Court, Silver Bow County, amended its judgment and order committing Roger LeRue Gilbert to the custody of the Montana Department of Corrections. Gilbert appeals and we affirm.

¶2 We address the following issues on appeal:

¶3 1. Did the District Court correctly measure the amount of Gilbert's restitution obligation?

¶4 2. Did the presentence investigation report adequately document Gilbert's financial resources and his future ability to pay restitution?

¶5 Gilbert raised an issue relating to the validity of the District Court's parole restriction in his opening brief. Because he conceded in his reply brief that the issue has become moot, we do not address it.

## BACKGROUND

¶6 In 1999, Gilbert pled guilty to negligent arson and burglary, and judgment was entered against him. Gilbert later petitioned the District Court for postconviction relief, which the court denied. When Gilbert appealed the denial of his petition for postconviction relief, we held--in pertinent part--that the sentencing court had improperly delayed determining the amount of his restitution obligation until he began serving the suspended portions of his sentence or was granted parole or supervised release. *Gilbert v. State*, 2002 MT 258, ¶ 26, 312 Mont. 189, ¶ 26, 59 P.3d 24, ¶ 26 (hereinafter, *Gilbert I*). We remanded

for clarification of the District Court's intent regarding parole eligibility and restitution. *Gilbert I*, ¶¶ 21, 26.

¶7 On remand, the District Court first vacated its sentence and judgment against Gilbert and then resentenced him and entered its judgment. It committed Gilbert to the custody of the Department of Corrections (DOC) for terms of years, with some suspended, for negligent arson and burglary, and determined that he would be ineligible for parole or participation in any type of supervised release program while serving his unsuspended terms of imprisonment. The District Court also imposed terms and conditions for the suspended portion of Gilbert's sentences, including a requirement that he pay $24,000 in restitution in minimum installments of $200 per month. Gilbert appeals.

## ISSUE 1

¶8 Did the District Court correctly measure the amount of Gilbert's restitution obligation?

¶9 The original and amended presentence investigation reports state that the replacement cost of the building Gilbert destroyed by fire is $5,375,000. Both reports then list the amounts of losses claimed by various other individuals and businesses damaged by the fire. The total restitution amount is stated as $5,721,684.57. The District Court ordered restitution in the amount of $24,000.

¶10 Gilbert contends the District Court used an incorrect measure to determine the amount of restitution he must pay. Specifically, he states both the original and amended presentence investigation reports used the replacement cost method to set the value of the building he

3

destroyed by fire, instead of the actual value of the property at the time the loss occurred as required under *State v. Pritchett*, 2000 MT 261, ¶ 24, 302 Mont. 1, ¶ 24, 11 P.3d 539, ¶ 24.

¶11    Gilbert is correct that the actual value, rather than the replacement cost of property, is the proper standard for use in determining full restitution. *See Pritchett*, ¶ 24. However, a district court may not be reversed by reason of any error unless the record shows the error was prejudicial. *See* § 46-20-701(1), MCA. Here, Gilbert has not established that he was prejudiced, because the District Court did not require him to pay full restitution. The court adopted the recommendation of the amended presentence investigation report that Gilbert be ordered to pay a total of $24,000 in restitution. The large majority of that amount, $20,298.72, is to be paid to the owner of the building destroyed by the fire. The court ordered Gilbert to pay lesser portions of the restitution to seven other victims with damages from the fire. The total restitution Gilbert must pay, which includes damages for the building which Gilbert says has been incorrectly valued and to seven other victims, is but a minuscule fraction of the replacement cost of the building. We hold that Gilbert has not established error by the District Court in setting the amount of restitution.

ISSUE 2

¶12    Did the presentence investigation report adequately document Gilbert's financial resources and his future ability to pay restitution?

¶13    Citing *Pritchett*, *State v. Hilgers*, 1999 MT 284, 297 Mont. 23, 989 P.2d 866, and *State v. Brown* (1994), 263 Mont. 223, 867 P.2d 1098, Gilbert contends the presentence investigation report (PSI) is illegal because it failed to adequately document his financial

4

resources and his future ability to pay restitution. In those three cases, we remanded for additional documentation to support restitution, for reasons which are not present here. In *Pritchett*, ¶ 3, the PSI contained no documentation of Pritchett's current assets and liabilities or estimates of his future ability to pay restitution. In *Hilgers*, ¶ 13, the PSI contained no information specifically addressing the issues of Hilgers' financial resources or ability to pay the amount of restitution ordered. Finally, in *Brown*, 263 Mont. at 226, 867 P.2d at 1100, the PSI did not assign a monetary value to all of Brown's current assets and provided no documentation of his future ability to pay restitution.

¶14    In *State v. Heath*, 2004 MT 126, 321 Mont. 280, 90 P.3d 426, the defendant relied on the same cases Gilbert relies on here in arguing that the PSI did not adequately document his resources, future employability and ability to pay. In that case, the PSI noted the defendant was currently unemployed but had worked in restaurants and construction in the past. It indicated he had obtained a GED. It noted he had no assets, debts of $1,000, and no support obligation for his three children. The report stated Heath had family in Billings, and opined that he should be required to "secure and maintain full-time, legitimate employment." *Heath*, ¶ 42. We stated the deficiencies noted in *Pritchett*, *Hilgers* and *Brown* were not present and held the documentation was adequate. *Heath*, ¶ 44.

¶15    Here, the amended PSI filed in February of 2003 noted Gilbert was currently unemployed but had worked as a motor vehicle body man. It indicated he had obtained a GED and attended community college. The report further noted he had no assets and no support obligation for his two children, but had debts of $2,000. According to the PSI,

5

Gilbert told the reporting officer he earns $1,000 per month when he is employed. We conclude that, as in *Heath*, the amended PSI in the present case adequately documented Gilbert's financial resources and future ability to pay restitution.

¶16    Affirmed.


                                          /S/ KARLA M. GRAY


We concur:


/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE