CHIEF JUSTICE GRAY,
dissenting.
¶81 I respectfully dissent from the Court’s decision to reverse and remand for a new trial.
¶82 With regard to Justice Nelson’s opinion, it is my view the various opinions in this case illustrate that whether prosecutorial misconduct actually occurred during closing argument is a close question. Having read the entire transcript, it is clear to me that the case boiled down to a question of whether the jury believed Randy Jordan or whether it believed Sandra Jordan Newman, his sister and the defendant in this case. Indeed, that was the thrust of defense counsel’s opening statement and his closing argument. And without a doubt, Jordan’s credibility was brought into clear focus by both the State and defense counsel. The same was true of defendant Newman. Both the State and the defense presented other witnesses in their cases-in-chief, but Jordan and Newman were the “battleground” in this case. His-the State’s-theory was that Newman was responsible for the drugs and paraphernalia; her theory was that either Jordan and/or her daughter Amber, who was in a group home at the time of trial because of her drug activities, was responsible. In this “big picture” context, it is reasonable to argue that the prosecution merely commented on gaps in the defense case by briefly referring to witnesses who did not appear. It also is reasonable to argue that the prosecution’s references touched on the presumption of innocence.
¶83 Even assuming, however, that prosecutorial misconduct occurred, my review of the record convinces me that it was minor in the context of the overall case and does not rise to the level of reviewable plain error. The trial in this matter lasted over one and one-half days, 18 witnesses were called and recalled, and scores of State exhibits were admitted into evidence.
¶84 Closing arguments-by the State and defense counsel-cover a mere 37 pages of a transcript containing over 475 pages. In its first closing argument, the prosecution’s references to witnesses not called covers, at most, 23 lines of an 18-page argument. Experienced defense counsel's closing focused primarily on credibility-as had his opening statement-and pointed the finger at Jordan and/or Amber as the *184 responsible parties. From a 15-page closing argument, one can extract, at most, 33 lines of argument relating to the State’s “where are they?” references, primarily hammering on the State’s burden to prove its case beyond a reasonable doubt. The prosecution did not refer to these matters again in its final closing argument.
¶85 Appellate counsel understandably-in the absence of any objection by trial counsel to the remarks by the prosecution-requests plain error review pursuant to Finley, our seminal case on that subject, and State v. Sullivan (1996), 280 Mont. 25, 927 P.2d 1033. We have stated on numerous occasions that such review should be exercised only sparingly. See, e.g., State v. Gray, 2004 MT 347, ¶ 13, 324 Mont. 334, ¶ 13, 102 P.3d 1255, ¶ 13; State v. Godfrey, 2004 MT 197, ¶ 22, 322 Mont. 254, ¶ 22, 95 P.3d 166, ¶ 22; State v. Rinkenbach, 2003 MT 348, ¶ 13, 318 Mont. 499, ¶ 13, 82 P.3d 8, ¶ 13; State v. Daniels, 2003 MT 247, ¶ 20, 317 Mont. 331, ¶ 20, 77 P.3d 224, ¶ 20. Indeed, the Finley test for plain error review is that such review should be exercised when failing to do so “may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.” Finley, 276 Mont. at 137, 915 P.2d at 215. On the record before us, and in light of appellate counsel’s candid observation that “points made during closing of counsel may be missed or quickly forgotten[,]” I simply am not persuaded that plain error review is warranted here because I am not convinced Newman’s constitutional rights were violated and, if they were, I do not believe any violation impacted on the fundamental fairness of the trial.
¶86 I also am not persuaded that Sullivan advances Newman’s cause. Sullivan is a classic case of prosecutorial comment on a defendant’s post -Miranda silence in which we applied plain error review on appeal. There, the prosecutor commented on the defendant’s post -Miranda silence in his opening statement, during his case-in-chief and during his closing argument, all without objection from defense counsel. See Sullivan, 280 Mont. at 29-31, 927 P.2d at 1036. Here, Newman voluntarily spoke with law enforcement during the search of her home, voluntarily took the stand in her own defense and called other witnesses on her behalf. The Sullivan “silence” case has no application or relevance here. I would decline to apply plain error review and affirm the District Court on appeal.
¶87 I also join in Justice Rice’s dissent from Justice Leaphart’s opinion determining that ineffective assistance of counsel occurred regarding the accomplice instruction and reversing and remanding for a new *185 trial. In my view, Justice Leaphart’s legal analysis is flawed, as Justice Rice’s dissent makes clear. Further, nothing in § 26-1-303(4), MCA, even suggests that criminal defense counsel must make a record regarding why a jury instruction is not required. The burden which would be placed on criminal defense counsel should the Court itself start such micro-management of their trial strategies and performance is, to say the very least, unwarranted. Finally, I would conclude that Newman’s other claim of ineffective assistance-namely, the lack of objection to the prosecutor’s comments in closing argument-be pursued, if at all, via a postconviction relief proceeding.
¶88 I dissent.