No. 05-468

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 110

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

DANIEL KUYKENDALL,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-05-20
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Sasha K. Brownlee, Attorney at Law, Hamilton, Montana

       For Respondent:

           Hon. Mike McGrath, Montana Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

           George Corn, Ravalli County Attorney; T. Geoffrey Mahar,
Chief Deputy County Attorney, Hamilton, Montana

Submitted on Briefs:  April 18, 2006

Decided:  May 16, 2006

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Daniel Kuykendall (Kuykendall) appeals from the judgment entered by the Twenty-First Judicial District Court, Ravalli County, on his convictions and sentences for felony criminal endangerment and misdemeanor resisting arrest.  We affirm.

¶2    Kuykendall raises the following issues on appeal:

¶3    1.  Did the District Court err when it imposed restitution without considering Kuykendall's ability to pay restitution and without setting a payment schedule?

¶4    2.  Did the District Court's imposition of restitution violate the excessive fines clause of Article II, Section 22 of the Montana Constitution?

BACKGROUND

¶5    In January of 2005, the State of Montana (State) charged Kuykendall by information with assault with a weapon, a felony; assault on a peace officer, a felony; and resisting arrest, a misdemeanor.  The charges stemmed from an altercation between Kuykendall and Richard Kordsmeier (Kordsmeier), a deputy marshal for the town of Darby, Montana.  The State also filed notice of its intention to have the District Court designate Kuykendall a persistent felony offender.

¶6    Kuykendall and the State subsequently entered into a plea agreement whereby the State agreed to amend the assault with a weapon charge to felony criminal endangerment, dismiss the assault on a peace officer charge and withdraw its request to have Kuykendall designated a persistent felony offender.  The State also agreed to recommend a 10-year

2

sentence for the criminal endangerment offense and a sentence equivalent to the time Kuykendall served in the county jail for the resisting arrest offense. In exchange, Kuykendall agreed to plead guilty to the amended criminal endangerment charge, as well as the resisting arrest charge, and to admit to probation violations relating to a separate conviction. Kuykendall also agreed to pay restitution resulting from a knee injury suffered by Kordsmeier during the altercation. In March of 2005, the State filed its amended information and Kuykendall appeared before the District Court to plead guilty to the charges as provided in the plea agreement. The District Court accepted the guilty pleas, ordered preparation of a presentence investigation report (PSI) and scheduled a sentencing hearing for the following month.

¶7    At the sentencing hearing, Kordsmeier testified to the pecuniary losses he suffered as a result of his knee injury. The State then recommended the District Court sentence Kuykendall in accordance with the plea agreement. The District Court agreed with the recommendation and sentenced Kuykendall to 10 years with the Montana Department of Corrections on the criminal endangerment offense. The 10-year sentence was suspended on conditions which included that Kuykendall pay restitution in the amount of $10,198.35. The court also sentenced him to 88 days in the Ravalli County Detention Center on the resisting arrest offense, with credit for 88 days of time served. The District Court entered judgment and Kuykendall appeals.

STANDARD OF REVIEW

3

¶8 We review a sentence in a criminal case for legality only, determining whether the sentence falls within the parameters set by statute. *State v. Mingus*, 2004 MT 24, ¶ 10, 319 Mont. 349, ¶ 10, 84 P.3d 658, ¶ 10. Where a sentence falls within statutory parameters, it is not illegal. *Mingus*, ¶ 10.

## DISCUSSION

¶9 *1. Did the District Court err when it imposed restitution without considering Kuykendall's ability to pay restitution and without setting a payment schedule?*

¶10 Kuykendall contends that his sentence is illegal because the District Court failed to consider his financial resources and future ability to pay restitution, and did not set forth a restitution payment schedule when imposing the restitution obligation. Kuykendall cites to *State v. Brown* (1994), 263 Mont. 223, 867 P.2d 1098, *State v. Rinkenbach*, 2003 MT 348, 318 Mont. 499, 82 P.3d 8, and *State v. Mikesell*, 2004 MT 146, 321 Mont. 462, 91 P.3d 1273, in support of his argument that §§ 46-18-112, -242 and -244, MCA, require that the PSI contain documentation of a defendant's financial status and the victim's pecuniary loss, and require the sentencing court to consider a defendant's financial resources and ability to pay when imposing a restitution obligation.

¶11 We observe that the three cases on which Kuykendall relies all interpreted the requirements of restitution statutes in effect prior to 2003. As the State correctly points out, however, the Montana Legislature amended the statutes relating to restitution in 2003, and the amendments became effective on October 1, 2003. *See* 2003 Mont. Laws Ch. 272, Sec.

4

10. Kuykendall committed the offenses in this case, pled guilty and was sentenced in 2005. Therefore, we conclude that the 2003 amendments apply to the imposition of restitution here.

¶12    "[A] sentencing court shall, as part of the sentence, require an offender to make full restitution to any victim who has sustained pecuniary loss, including a person suffering an economic loss." Section 46-18-241(1), MCA (2003).  Section 46-18-242(1), MCA (2003), provides as follows:

> Whenever the court believes that a victim may have sustained a pecuniary loss or whenever the prosecuting attorney requests, the court shall order the probation officer, restitution officer, or other designated person to include in the presentence investigation and report:
>
> (a) a list of the offender's assets; and
>
> (b)  an affidavit that specifically describes the victim's pecuniary loss and the replacement value in dollars of the loss, submitted by the victim.

As we recently observed in *State v. Workman*, 2005 MT 22, ¶ 15, 326 Mont. 1, ¶ 15, 107 P.3d 462, ¶15, although earlier versions of § 46-18-242, MCA, required sentencing courts to consider a defendant's financial resources and future ability to pay when imposing restitution obligations, the 2003 version of the statute only requires that the PSI contain a list of the defendant's assets and an affidavit submitted by the victim describing the pecuniary loss and replacement value of the loss.

¶13    In the present case, the PSI prepared for Kuykendall's sentencing hearing stated that Kuykendall was unemployed and had no current income, no assets and no debt.  The PSI also included a statement and documents from Kordsmeier detailing his losses resulting from the

5

knee injury he suffered during the incident with Kuykendall. We conclude that the PSI contains adequate information to meet the requirements of § 46-18-242, MCA (2003).

¶14 With regard to Kuykendall's contention that the condition of restitution in his sentence is illegal because the District Court failed to establish a payment schedule, he again fails to recognize the significance of the 2003 amendments. Section 46-18-244(1), MCA (2001), provided that the sentencing court "shall specify the total amount to be paid and the method and time of payment and may permit payment in installments." Following the 2003 amendments, however, the provision reads "[t]he court shall specify the total amount of restitution that the offender shall pay." Section 46-18-244(1), MCA (2003). Thus, a sentencing court no longer is required to set a restitution payment schedule. Here, the District Court specified, both orally at the hearing and in the written judgment, that Kuykendall was required to pay $10,198.35 in restitution to the victim, Kordsmeier. This satisfies the requirement of § 46-18-244(1), MCA (2003).

¶15 We hold that the District Court did not err when it imposed restitution without considering Kuykendall's ability to pay restitution and without setting a payment schedule.

¶16 *2. Did the District Court's imposition of restitution violate the excessive fines clause of Article II, Section 22 of the Montana Constitution?*

¶17 Article II, Section 22 of the Montana Constitution provides that "[e]xcessive bail shall not be required, or excessive fines imposed, or cruel and unusual punishments inflicted." Restitution imposed as part of a criminal sentence is a "fine" within the purview of Montana's excessive fines clause. *State v. Good*, 2004 MT 296, ¶ 22, 323 Mont. 378, ¶ 22,

6

100 P.3d 644, ¶ 22. A restitution award violates the excessive fines clause if the award is grossly disproportional to the gravity of the offense for which a defendant has been convicted. *Good*, ¶ 23. However, where the amount of restitution imposed is directly related to the amount of the victim's loss resulting from the defendant's offense, proportionality already is built into the order. In other words, when the restitution award simply makes the victim whole, it does not violate the excessive fines clause. *Good*, ¶ 25.

¶18 Kuykendall contends that the amount of restitution ordered by the District Court is grossly disproportional to the gravity of the offense for which he was convicted because the amount exceeds the actual amount of Kordsmeier's losses resulting from the offense and Kuykendall does not have the financial resources with which to pay the restitution. On this basis, Kuykendall argues that the District Court's restitution order violates Montana's constitutional prohibition against excessive fines.

¶19 Kordsmeier testified at the sentencing hearing regarding the nature and amount of his asserted pecuniary losses. He also provided the District Court with documentation supporting his claimed losses. Kuykendall briefly cross-examined Kordsmeier on certain points of his testimony, but did not present any witnesses refuting the amounts claimed by Kordsmeier and made no argument to the District Court that the amounts claimed were excessive or not supported by the evidence. On appeal, Kuykendall contends that the amount of restitution imposed by the District Court was erroneous because it exceeded the actual amount of Kordsmeier's losses. However, his arguments in this regard are purely speculative and not based on any evidence of record. The District Court's restitution award was based

on the only evidence presented to it at the sentencing hearing—Kordsmeier's testimony and supporting documentation. We conclude that the amount of restitution ordered is directly related to the amount of Kordsmeier's loss resulting from Kuykendall's offense and, consequently, is not "grossly disproportional."

¶20 With regard to the "financial resources" portion of Kuykendall's argument, we determined above that, pursuant to the restitution statutes applicable to Kuykendall's sentencing, his financial status and future ability to pay are not factors in determining whether to impose a restitution obligation. Furthermore, as the District Court observed, although Kuykendall was unemployed at the time of sentencing, he was capable of working and earning income in the future with which to pay restitution. We conclude that Kuykendall's current lack of financial resources does not make the restitution imposed here "grossly disproportional."

¶21 We hold that the District Court's imposition of restitution does not violate the excessive fines clause of Article II, Section 22 of the Montana Constitution.

¶22 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE

8