DA 14-0006

FILED

October 14 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 277N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

EMMITT HOGSTEN, JR.,

      Defendant and Appellant

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 12-557
Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Mathew M. Stevenson; Attorney at Law; Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Tammy A. Hinderman,
Assistant Attorney General; Helena, Montana

          Fred Van Valkenberg, Missoula County Attorney; Patricia C. Bower,
Deputy County Attorney; Missoula, Montana

                          Submitted on Briefs:  August 13, 2014
                                    Decided:  October 14, 2014

Filed:

                                  _____
                                         Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Emmitt Hogsten, Jr., (Hogsten) appeals from the order of the Fourth Judicial District Court, Missoula County, imposing restitution in the amount of $85,989.80 following his guilty plea for attempted deliberate homicide.

¶3 On November 12, 2012, Hogsten repeatedly stabbed his estranged wife, J.N., with a serrated kitchen knife. Although seriously wounded, J.N. escaped and reported the attack. Hogsten ultimately pled guilty to attempted deliberate homicide and was sentenced to a term of 50 years at the Montana State Prison, with 30 years suspended.

¶4 On November 12, 2013, the District Court ordered Hogsten pay restitution in the amount of $85,989.80. A significant portion of the restitution ordered was for medical expenses J.N. had already incurred. Also included within the restitution ordered was $25,000 for J.N.'s future medical expenses. However, the court indicated the $25,000 was a "cap" and that Hogsten would only be obligated to pay for future medical expenses to the extent J.N. "actually incurs those costs."

¶5 Hogsten advances three arguments challenging the District Court's restitution order. First, Hogsten argues that the District Court's imposition of restitution was unlawful because the court did not properly consider his financial resources and future

2

ability to pay restitution. As we have previously explained, although earlier versions of § 46-18-242, MCA, required sentencing courts to consider a defendant's financial resources and future ability to pay when imposing restitution obligations, the 2003 version of the statute eliminated those requirements. *State v. Kuykendall*, 2006 MT 110, ¶ 12, 332 Mont. 180, 136 P.3d 983 (citing *State v. Workman*, 2005 MT 22, ¶ 15, 326 Mont. 1, 107 P.3d 462). Therefore, the District Court did not err as § 46-18-242, MCA, no longer requires a sentencing court to consider a defendant's financial resources or ability to pay restitution.

¶6     Second, Hogsten argues the District Court erred by imposing a capped amount of future medical expenses. Hogsten contends a sentencing court must specify the amount of restitution a defendant is obligated to pay. A sentencing court is required to impose a restitution obligation on a criminal defendant if the defendant's crime resulted in pecuniary loss to the victim. *State v. Aragon*, 2014 MT 89, ¶ 12, 374 Mont. 391, 321 P.3d 841. However, § 46-18-244(1), MCA, instructs the sentencing court to "specify the total amount of restitution that the offender shall pay." We have explained that "[t]his means that the amount of restitution must be stated as a specific amount of money." *State v. Heafner*, 2010 MT 87, ¶ 7, 356 Mont. 128, 231 P.3d 1087.

¶7     The State concedes that because the District Court did not fix the amount of future medical expenses owed, the court's order of future medical expenses must be stricken. We agree. The amount in future medical expenses that J.N. can reasonably be expected to incur and that Hogsten is obligated to pay must be stated as a specific amount, not as an unspecified amount up to a cap.

¶8     Lastly, Hogsten argues that, regardless of the propriety of the District Court failing to specify future medical expenses, there is insufficient factual evidence in the record to justify an award that could total $25,000 in future medical expenses. We review a district court's finding of fact regarding the amount of restitution to determine if it is clearly erroneous. *Aragon*, ¶ 9. Findings of fact are clearly erroneous if they are not supported by substantial evidence. *Aragon*, ¶ 9 (quotations omitted).

¶9     The future medical expenses ordered by the District Court were based exclusively on J.N.'s testimony. J.N. claimed $25,000 for future medical expenses as a result of Hogsten's criminal conduct. When asked what information she could provide to support that amount of restitution, J.N. indicated she had "no information." When the court inquired, "Did you just sort of grab this figure out of the air?" J.N. responded by stating, "That one I did, yes, I did that one." J.N. offered only that "[m]edication is expensive. Seeing a doctor is expensive. Procedures are expensive. So I figured 25,000 for the life of what I have left, say I live until I'm 85, rounded up, that's 50 years."

¶10     We conclude that substantial evidence does not support the award of future medical expenses in the amount ordered by the District Court. The record does indicate J.N. suffered serious injuries as a result of the attack. Nonetheless, the purely speculative nature of the evidence offered in support of J.N.'s claim is insufficient to support $25,000 in future medical expenses. Thus, the award for future medical expenses is not supported by substantial credible evidence.

¶11     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The

4

issues raised by Hogsten, regarding his ability to pay, are legal issues and are controlled by settled Montana law that the District Court correctly interpreted, and are affirmed. The portion of the restitution order requiring Hogsten to pay up to $25,000 for J.N.'s future medical expenses is reversed and remanded. Upon remand, the District Court may, after such further proceedings as it deems appropriate and its consideration of the evidence, enter an amended judgment that orders Hogsten to pay restitution in a specified amount for future medical expenses that J.N. is reasonably expected to incur as supported by substantial credible evidence.

¶12 Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.


/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA