No. 03-359

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 22

STATE OF MONTANA,

  Plaintiff and Respondent,

 v.

JACK LEROY WORKMAN,

  Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 2002-00245,
Honorable Diane G. Barz, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

   Penelope S. Strong, Public Defender, Billings, Montana

   Gary Wilcox, Attorney at Law, Billings, Montana

  For Respondent:

   Honorable Mike McGrath, Attorney General; Jim Wheelis, Assistant
Attorney General, Helena, Montana

   Dennis Paxinos, County Attorney; Ira Eakin, Deputy County Attorney,
Billings, Montana

Submitted on Briefs: January 27, 2004

Decided: February 15, 2005

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Jack Leroy Workman (Workman) appeals from the judgment entered in the Thirteenth Judicial District Court, Yellowstone County, finding him guilty of three counts of burglary in violation of § 45-6-204, MCA, and making him jointly and severally responsible for restitution in the amount $26,840.33. We affirm.

¶2 We restate the issues on appeal as follows:

¶3 1. Did the District Court impose restitution in violation of §§ 46-18-242(1)(a) & (b), and -244(1), MCA (2001)?

¶4 2. Did the District Court err in ordering Workman to make full restitution in the amount of $26,840.33?

## *FACTUAL AND PROCEDURAL BACKGROUND*

¶5 In March 2002, Workman, with different accomplices, committed three burglaries in Billings, Montana. The first burglary occurred on March 4, 2002, when Workman and two accomplices, Tyson Heisler (Heisler) and Sundance Marshall (Marshall), unlawfully entered the home of Stephen Ball (Ball) and stole nine firearms, which Workman and his accomplices used in the other two burglaries. On March 15, 2002, Workman and Marshall, accompanied by Tyson Garza (Garza) unlawfully entered the home of Cynthia Foster (Foster) and stole numerous items of personal property. Then, on March 20, 2002, Workman, accompanied by Michael Brandon (Brandon) unlawfully entered the home of Duane and Terry Van Atta (Van Attas), and stole items of personal property. In total, the pecuniary loss suffered by all three victims was $35,771.08.

2

¶6    On March 27, 2002, the State charged Workman with three counts of felony burglary in violation of § 45-6-204, MCA. The State charged Heisler, Marshall, and Garza with misdemeanor offenses related to their involvement in the burglaries, and Brandon entered a plea agreement for misdemeanor deceptive practices. Brandon was ordered to pay restitution of $200.00.

¶7    On October 17, 2002, Workman entered into a plea agreement. Under its terms, Workman pleaded guilty to all three counts, and the State recommended on Count I, a three-year deferred sentence, a $250.00 fine and restitution; on Count II, a three-year deferred sentence, a $250.00 fine and restitution; and on Count III, a one-year deferred sentence, a $250.00 fine and restitution. All three sentences were to run consecutively, for a total of seven years deferred, a $750.00 fine and restitution for all three burglaries. The parties stipulated that Workman owed restitution in the amount of $2,866.98 to Ball, $16,185.50 to Foster, and $7,787.85 to the Van Attas, totaling $26,840.33.

¶8    On February 26, 2003, the District Court held a sentencing hearing. The court examined the presentence investigation (PSI) report, which detailed Workman's assets and debts, his current place of employment and salary, and the financial loss statements from all three victims listing the items stolen and their respective values, as well as insurance statements indicating the loss claimed by each victim. Workman's attorney argued that the court should not hold Workman jointly and severally responsible for the full amount of restitution, but only responsible for his proportionate share, which counsel argued was $10,234.76, the proportionate share as divided among all the defendants. Rejecting

3

Workman's argument, the District Court sentenced Workman to six years at the Montana Department of Corrections, and ordered that Workman was jointly and severally responsible for restitution in the amount of $26,840.33. Workman appeals.

*STANDARD OF REVIEW*

¶9 We review a district court's sentence imposed in a criminal case for legality only, confining our review to whether the sentence is within the parameters set by statute. *State v. Heath*, 2004 MT 126, ¶ 13, 321 Mont. 280, ¶ 13, 90 P.3d 426, ¶ 13. In reviewing a district court's findings of fact, including the amount of restitution, our standard of review is whether those findings are clearly erroneous. *Heath*, ¶ 13.

*DISCUSSION*

¶10 **Did the District Court impose restitution in violation of §§ 46-18-242(1)(a) & (b), and -244(1), MCA (2001).**

¶11 Workman argues that the District Court's imposition of full restitution was unlawful because the court did not adhere to the requirements established in §§ 46-18-242(1)(a) & (b), or -244(1), MCA (2001). However, as the State correctly notes, these provisions were amended in 2003 and were made to apply retroactively to offenders, such as Workman, whose restitution obligation was unpaid as of October 1, 2003, the effective date of the legislation. *See* Laws of Montana, Ch. 272, Sec. 10 (2003). Workman does not challenge the application of the 2003 amendments and offers no argument thereunder. Therefore, we will address his arguments in accordance with the 2003 versions.

4

¶12 Workman first argues that the PSI report examined by the District Court contained inaccurate documentation as to his financial resources and future ability to pay restitution, and only contained conclusory statements by the victims as to their pecuniary losses in violation of the requirements established in § 46-18-242(1)(a) & (b), MCA (2001).

¶13 Section 46-18-242, MCA (2001), provided that:

(1) Whenever the court believes that a victim of the offense may have sustained a pecuniary loss as a result of the offense or whenever the prosecuting attorney requests, the court shall order the probation officer, restitution officer, or other designated person to include in the presentence investigation and report:
(a) documentation of the offender's financial resources and future ability to pay restitution; and
(b) documentation of the victim's pecuniary loss, submitted by the victim or by the board of crime control if compensation for the victim's loss has been reimbursed by the state.

¶14 Section 46-18-242(1)(a) & (b), MCA (2003), provides that:

(1) Whenever the court believes that a victim may have sustained a pecuniary loss or whenever the prosecuting attorney requests, the court shall order the probation officer, restitution officer, or other designated person to include in the presentence investigation and report:
(a) a list of the offender's assets; and
(b) an affidavit that specifically describes the victim's pecuniary loss and the replacement value in dollars of the loss, submitted by the victim.

¶15 While the 2001 version of § 46-18-242(1)(a) & (b), (MCA), required district courts to consider a defendant's financial resources and future ability to pay before imposing a restitution obligation, the 2003 version of § 46-18-242(1)(a) & (b), MCA, only requires that the PSI report contain information as to a defendant's assets, and an affidavit describing the victim's pecuniary loss and the replacement value in dollars of the loss, submitted by the

5

victim. Thus, the District Court's order imposing restitution satisfied these provisions, as Workman's financial resources and his future ability to pay a restitution obligation were not considerations under § 46-18-242, MCA (2003).

¶16    Secondly, Workman argues that the District Court did not establish a payment schedule or set the amount of his installment payments, in violation of § 46-18-244(1), MCA (2001). Again, this provision was revised in 2003. Section 46-18-244(1), MCA (2003), provides that "[t]he court shall specify the total amount of restitution that the offender shall pay," and does not require that the court establish a payment schedule or set the amount of the defendant's installment payments, as did the 2001 version of § 46-18-244(1), MCA. The PSI report examined by the District Court at the sentencing hearing indicated Workman's had no assets, and detailed the total pecuniary loss suffered by Workman's victims. The court then imposed restitution in the amount of $26,840.33 and further noted how the money was to be distributed between the victims and their representative insurers by the clerk of the court. Therefore, the District Court's imposition of restitution complied with § 46-18-244(1), MCA (2003).

¶17    **Did the District Court err in ordering Workman to make full restitution in the amount of $26,840.33?**

¶18    Workman challenges the District Court's order making him jointly and severally liable for the full amount of restitution for the property stolen and damaged during the commission of three burglaries. He asserts that the District Court erred when it did not proportion the

6

pecuniary loss suffered to all the defendants involved in the burglaries, and argues his proportionate share is $10,234.76.

¶19 The District Court's authority to impose the full amount of restitution on Workman for the entire pecuniary loss is derived from § 46-18-241(1), MCA (2003), which provides that "a sentencing court shall, as part of the sentence, require an offender to make full restitution to any victim who has sustained a pecuniary loss, including a person suffering an economic loss." Furthermore, as the State correctly notes, whether one defendant in a crime should bear full responsibility for the pecuniary loss sustained, rather than a proportionate share divided among all co-defendants, is an issue that follows the contours of civil law. Section 46-18-244(2), MCA (2001), provided that "[t]he offender may assert any defenses that the offender could raise in a civil action for the loss sought to be compensated by the restitution order," and, consistent therewith, § 46-18-244(2), MCA (2003), provides that "[i]n the proceeding for the determination of the amount of restitution, the offender may assert any defenses that the offender could raise in a civil action for the loss for which the victims seek compensation." However, Workman did not raise any civil law defenses available under the 2001 version of § 46-18-244(2), MCA, at the sentence hearing, nor does he raise any of the defenses available under the retroactive 2003 version of § 46-18-244(2), MCA. Indeed, Workman stipulated that he owed $26,840.33 in restitution for the loss suffered by the victims. Moreover, Workman argues the severity of the State's charges against his accomplices, the District Court's failure to consider his financial resources and future ability to pay and the court's failure to apportion the damages among his co-

7

defendants.  Nonetheless, the fate of Workman's accomplices is immaterial to the court's authority to impose full restitution.

¶20   Therefore, we conclude that the District Court did not err in imposing joint and several liability for the full restitution obligation on Workman for the pecuniary loss suffered by his victims.

¶21   Affirmed.

/S/ JIM RICE

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART