No. DA 06-0545

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 92N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

JOHN JUMPER,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC 2005-330,
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jim Wheelis, Chief Appellate Defender, Joslyn Hunt,
Assistant Appellate Defender, Helena, Montana

        For Respondent:

            Hon. Mike McGrath, Montana Attorney General, Mark Mattioli,
Assistant Attorney General, Helena, Montana

            Brant S. Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  March 21, 2007

Decided:  April 3, 2007

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      John Jumper (Jumper) appeals from the District Court's July 5, 2006 Judgment of Conviction and Sentencing Order.  In pertinent part, Jumper contends that the court erred when it ordered him to pay restitution in the amount of $4,401.01 to Richard Hart (Hart).

¶3      This case arose out of an incident which occurred during the winter of 2004/2005. Jumper stole a snowmobile trailer containing two snowmobiles, as well as eight snowmobile suits, four helmets, a propane heater and two covers, from Hart's residence located in Great Falls, Montana.  Jumper was charged with felony theft and alteration of an identification number, a felony. After pleading guilty to theft, he appeared at a sentencing hearing on June 30, 2006.  Through counsel, Jumper contested the valuation of a missing 1994 Yamaha 600 V-Max snowmobile.

¶4      At the hearing, Jumper presented figures from the 2006 National Automobile Dealer's Association (NADA) guide. The prosecution introduced figures from the 2004 NADA guide—the guide covering the year in which Jumper stole the snowmobiles from Hart.  The trial court heard testimony from witnesses for Jumper and for the State and,

crediting the testimony of the State's witness, Steve Kaste, a Yamaha snowmobile dealer, ultimately determined that the appropriate value for the snowmobile was $2,500.00.

¶5 On appeal, Jumper argues that the cost of replacement of property is allowed as a determination of value only if the market value cannot be satisfactorily ascertained. He cites our decisions in *State v. Martin*, 2001 MT 83, 305 Mont. 123, 23 P.3d 216, and *State v. Ohms*, 2002 MT 80, 309 Mont. 263, 46 P.3d 55. Jumper contends that the NADA book value relied upon by the court did not provide a market value of the snowmobile at the time and place it was stolen, but rather, was a national average retail value and that because there was no testimony that the market value of the snowmobile could not be satisfactorily determined, the District Court improperly used the replacement cost and thus abused its discretion in determining the amount of restitution.

¶6 On the other hand, the State contends that its witnesses did estimate the market value of the missing snowmobile at between $2,000.00 and $2,500.00. The State maintains that the court did not err because it used the very value—market value—for which Jumper is now arguing. We agree.

¶7 The law pertaining to our standard of review of a trial court's determination of the amount of restitution is conflicting. For example, in *State v. Workman*, 2005 MT 22, 326 Mont. 1, 107 P.3d 462, we stated that in reviewing a district court's findings of fact, including the amount of restitution, our standard of review is whether those findings are clearly erroneous. *Workman*, ¶ 9 (citing *State v. Heath*, 2004 MT 126, ¶ 13, 321 Mont. 280, ¶ 13, 90 P.3d 426, ¶ 13). However, in *State v. Good*, 2004 MT 296, 323 Mont. 378, 100 P.3d 644, we stated that determining the amount of restitution is a question of law,

3

and that our standard of review of a district court's conclusions of law is whether the conclusions are correct. *Good*, ¶ 11 (citing *State v. Mikesell*, 2004 MT 146, ¶ 14, 321 Mont. 462, ¶ 14, 91 P.3d 1273, ¶ 14; *State v. Pritchett*, 2000 MT 261, ¶ 18, 302 Mont. 1, ¶ 18, 11 P.3d 539, ¶ 18).

¶8 Absent our resolving this inconsistency *sua sponte* in some other case, we urge the Attorney General and the Appellate Defender to raise this issue and present argument as to the proper standard of review. These conflicting standards of review notwithstanding, however, we determine that this is not the appropriate case in which to clarify and settle the law. As to the instant case, we conclude that under either standard of review, the District Court properly determined the amount of restitution—$2,500.00—as being the market value of the subject snowmobile.

¶9 Therefore, having reviewed the record in this matter, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 internal operating rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the court's findings of fact are supported by substantial evidence and are not clearly erroneous, and because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶10 Accordingly, we affirm the District Court's July 5, 2006 Judgment of Conviction and Sentencing Order.

/S/ JAMES C. NELSON

4

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE