DA 12-0734

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 251N

STATE OF MONTANA,

             Plaintiff and Appellee,

      v.

CARSON TILLETT,

             Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DC 12-24C
                Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Robin A. Meguire, Attorney at Law, Great Falls, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Assistant
            Attorney General, Helena, Montana

            Marty Lambert, Gallatin County Attorney, Bozeman, Montana

                              Submitted on Briefs:  July 10, 2013

                                        Decided:  September 3, 2013

Filed:

            _____
                              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Carson Tillett pled guilty to felony theft by common scheme, and was sentenced pursuant to a plea agreement to three years deferred imposition of sentence, community service and restitution. The District Court set the amount of restitution at $2,424.78, and made Tillett jointly and severally liable for that amount with the others involved in the crime. Tillett appeals from the amount of restitution. We affirm.

¶3 Tillett was involved in a scheme with five others to enter a Walmart store in Bozeman very early in the morning and steal merchandise by passing it out of an opening one of them had made in a wall in the store's garden area. Tillett and his companions moved electronic devices and other merchandise to the garden area and passed them through the opening so they could be loaded into waiting vehicles. They were confronted by store employees and fled the store in two vehicles loaded with stolen merchandise.

¶4 The restitution obligation imposed upon Tillett was composed partially of the amount of damage done to the store wall and partially of the value of the merchandise stolen. Tillett claims that he should not be responsible for the damage to the store wall because he did not personally create the hole, but only used it to steal merchandise. Tillett claims that he should not be responsible for the value of the stolen merchandise because Walmart could take it and

2

resell it at the usual retail price. Tillett points out that Walmart has a 90-day full refund policy on undamaged merchandise, and that he would have been able to return the goods except for the fact that the State impounded the stolen items as evidence and kept them past the 90-day window.

¶5 The Walmart store filed a restitution affidavit in the District Court and a store employee testified at the sentencing hearing. She testified as to the cost to repair the hole in the store wall and as to the value of four of the items stolen by Tillett and his compatriots. While other items were stolen, these four items had been opened or damaged and could not be returned to the store shelves for retail sale. According to store policy they would be returned to Walmart's Return Center and the Bozeman store would be provided with a credit representing the salvage value of the items. As ordered by the District Court and agreed to by the store, this salvage value, if any, will be deducted from Tillett's restitution obligation.

¶6 Tillett was part of a common scheme felony along with several others. He used the hole in the store wall to commit a felony and cannot escape liability for restitution by arguing that another person initially created the opening. Tillett was charged with and pled guilty to theft by common scheme. He is liable by accountability for the damage to the store and for the loss occasioned by the thefts. Sections 45-2-301 and -302, MCA. Tillett fully participated in the theft from the store and therefore is jointly and severally liable for restitution. *State v. Workman*, 2005 MT 22, ¶¶ 18-20, 326 Mont. 1, 107 P.3d 462. The District Court's authority to impose liability for the entire amount of loss arises from § 46-18-241(1), MCA, which requires a court to "require an offender to make full restitution to any victim who has sustained a pecuniary loss."

3

¶7 As to the return of the stolen property to Walmart, Tillett cannot avail any benefit from the store's 90-day return policy. That policy was clearly intended for the benefit of bona fide customers of the store, and not for people who pass stolen merchandise through a hole in the wall. Further, the District Court specifically allowed for a reduction in the amount of restitution arising from the value of the stolen merchandise if it had any salvage value after being released as evidence.

¶8 Restitution is viewed as a civil obligation and if Tillett feels that he is bearing a disproportionate burden of the joint and several obligation, he can seek contribution from his compatriots. *Workman*, ¶ 19.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in the case are legal and the District Court correctly applied Montana law.

¶10 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ BRIAN MORRIS