DA 10-0179

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 268

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

STANLEY D. DETHMAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DC 08-67
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

      For Appellee:

        Steve Bullock, Montana Attorney General, Sheri K. Sprigg, Assistant
Attorney General, Helena, Montana

        Lewis Smith, Powell County Attorney, Deer Lodge, Montana

            Submitted on Briefs:  November 17, 2010

                    Decided:  December 21, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Stanley D. Dethman (Dethman) appeals from a jury verdict in the Third Judicial District Court, Powell County, convicting him of assault on a peace officer and resisting arrest. We affirm.

## ISSUES

¶2 A restatement of the issues on appeal is as follows:

¶3 1. Did the District Court abuse its discretion when it denied Dethman's motion for substitution of counsel and allowed Dethman to proceed pro se?

¶4 2. Did the District Court err by failing to include the full *mens rea* requirement for the crime of assault on a peace officer in the jury instructions?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 Dethman was charged by Information with offenses of: Driving Under the Influence of Alcohol (DUI) in violation of § 61-8-401, MCA; Assault on a Peace Officer in violation of § 45-5-210, MCA; and Resisting Arrest in violation of § 45-7-301, MCA. Public Defender Ben Krakowka (Krakowka) was assigned to represent Dethman. At his arraignment on September 23, 2008, Dethman, appearing with Krakowka, pled not guilty to all three counts.

¶6 On February 5, 2009, Dethman filed a motion to remove Krakowka as his counsel stating "Mr. Krakowka will not defend me in the manner in which I feel I need to be defended. Mr. Krakowka refuses to present witnesses, testimony, and evidence that I have asked for." To his motion, Dethman attached prior correspondence with the

Regional Public Defender Office requesting substitute counsel, in which the office denied his request after investigating Dethman's complaints.

¶7 On February 10, 2009, the District Court held a hearing regarding Dethman's motion for substitution of counsel at which Dethman, Krakowka, and the prosecutor were all present. The court denied Dethman's motion for substitution of counsel based on the public defender office's denial of Dethman's request for new counsel, as well as the court's belief and observations that Krakowka was providing effective, unbiased counsel to Dethman. The court warned Dethman that firing Krakowka meant he had to either hire his own attorney or proceed pro se. The court recited the dangers and disadvantages of proceeding pro se, asked Dethman repeatedly if he understood the pitfalls of representing himself, confirmed that Dethman was competent to make the decision to fire Krakowka, and allowed Dethman to state on the record why Krakowka should be replaced. At the conclusion of the hearing, the court granted Dethman's request to fire Krakowka, but appointed Krakowka as standby counsel for Dethman's February 17, 2009 trial.

¶8 The trial began as scheduled, with Krakowka appearing as Dethman's standby counsel. During a conference immediately preceding voir dire, Dethman conferred with Krakowka twice—once when he pled *nolo contendere* to the DUI charge and again in determining if anything else needed to be addressed prior to trial. During voir dire, Dethman deferred to Krakowka, stating "Your Honor, I'm not experienced at [voir dire] and I really don't know how to go about it. So I suppose that I would rather ask that either you do it or that Mr. Krakowka do it." Therefore, Krakowka conducted voir dire on Dethman's behalf.

¶9     Once a jury had been impaneled and the trial began, Dethman gave his own opening statement. However, during the course of the trial Krakowka accompanied and assisted Dethman during sidebars, and advised Dethman when to object during the State's case-in-chief. In fact, during a chamber conference the District Court admonished Krakowka for assisting, reminding him that as standby counsel he may only assist Dethman upon request. However, the court also went on to remind Dethman that he can "just reach over and gesture to [Krakowka] and he'll come, you can ask him whatever you want." During Dethman's case-in-chief, Dethman took the stand as the primary witness for his own defense; Krakowka conducted the direct examination by reading questions prepared by Dethman, introduced evidence and published exhibits previously introduced by Dethman, and acted as Dethman's attorney during the State's cross-examination of Dethman to "protect [Dethman's] rights."

¶10    At the conclusion of his case-in-chief, Dethman requested Krakowka's assistance settling jury instructions. Ultimately, Dethman was found guilty by a jury of assault on a peace officer (a felony) and resisting arrest (a misdemeanor). For the DUI to which Dethman pled *nolo contendere*, he was sentenced to Powell County Jail for sixty days with all but ten days suspended, and fined $600. For the felony assault, Dethman was sentenced to Montana Department of Corrections for ten years, with five years suspended. For resisting arrest, he was sentenced to Powell County Jail for sixty days, with all but ten days suspended, and fined $500. All sentences were to run concurrently.

**STANDARDS OF REVIEW**

4

¶11 We review a district court's ruling on requests to substitute counsel for abuse of discretion. *State v. Racz*, 2007 MT 244, ¶ 13, 339 Mont. 218, 168 P.3d 685. The test for abuse of discretion is "whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." *Tarlton v. Kaufman*, 2008 MT 462, ¶ 19, 348 Mont. 178, 199 P.3d 263 (quoting *Kiely Constr. L.L.C. v. City of Red Lodge*, 2002 MT 241, ¶ 92, 312 Mont. 52, 57 P.3d 836). The parties disagree on the appropriate standard of review of a district court's ruling on a defendant's request to proceed pro se. However, because we conclude that Dethman's decision to proceed without Krakowka for part of his trial is subsumed in the issue of the District Court's denial of Dethman's motion to substitute counsel, a separate standard of review is unnecessary.

¶12 We review for abuse of discretion whether the jury instructions given by the district court, as a whole, fully and fairly instructed the jury regarding applicable law. *Peterson v. St. Paul Fire & Marine Ins. Co.*, 2010 MT 187, ¶ 22, 357 Mont. 293, 239 P.3d 904 (citations omitted). To prevail, the party alleging error on the part of the district court's jury instruction must show prejudice, "and prejudice will not be found if the jury instructions in their entirety state the applicable law of the case." *Murphy Homes, Inc. v. Muller*, 2007 MT 140, ¶ 74, 337 Mont. 411, 162 P.3d 106.

**DISCUSSION**

¶13 *Issue One. Did the District Court abuse its discretion when it denied Dethman's motion for substitution of counsel and allowed Dethman to proceed pro se?*

5

¶14 On appeal, Dethman presents a two-pronged challenge to the District Court's ruling that Dethman was not entitled to substitute counsel. First, he argues the court's initial inquiry into his request for substitution of counsel was inadequate. On this point, the State contends that the District Court's initial inquiry into Dethman's request was adequate, and the court did not err when it determined Dethman's claims were not "seemingly substantial" so as to warrant an additional hearing. Second, Dethman argues that by denying his motion for substitute counsel and requiring him to either continue with Krakowka or fire Krakowka and hire another attorney or proceed pro se, the court violated his right to assistance of counsel because Dethman did not unequivocally waive that right. The State argues that Dethman's request to dismiss Krakowka and proceed pro se, albeit with Krakowka as standby counsel, was unequivocal. For the reasons below, we affirm the District Court on this issue.

**A. The District Court did not abuse its discretion when it denied Dethman's motion for substitution of counsel.**

¶15 The Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee criminal defendants the right to effective assistance of counsel; indigent defendants are entitled to representation by appointed counsel at the public's expense. *Gideon v. Wainwright*, 372 U.S. 335, 342-45, 83 S. Ct. 792, 795-97 (1963); *State v. Walker*, 2008 MT 244, ¶ 16, 344 Mont. 477, 188 P.3d 1069 (citing *State v. Okland*, 283 Mont. 10, 14, 941 P.2d 431, 433 (1997)). However, "the right to assistance of counsel does not grant defendants the right to counsel of their choice." *State v. Craig*, 274 Mont. 140, 149, 906 P.2d 683, 688 (1995) (quoting *State v.*

6

*Colt,* 255 Mont. 399, 404, 843 P.2d 747, 750 (1992)). So long as appointed counsel is rendering effective assistance, a defendant may not demand dismissal or substitution of counsel simply because he or she lacks confidence in, or does not approve of, his or her appointed counsel. *State v. Pepperling*, 177 Mont. 464, 472, 582 P.2d 341, 346 (1978); see also *Craig*, 274 Mont. at 148-49, 906 P.2d at 688; *Colt*, 255 Mont. at 404, 843 P.2d at 750. Once counsel has been appointed and is rendering effective assistance, an indigent defendant "has the choice of (1) continuing with counsel so appointed, or (2) having his counsel dismissed and proceeding on defendant's own, *pro se*." *Craig*, 274 Mont. at 149, 906 P.2d at 688 (citations omitted).

¶16    When a defendant complains about ineffective assistance of appointed counsel and requests new counsel, a district court must make "adequate initial inquiry" as to whether defendant's allegations are "seemingly substantial." *State v. Happel*, 2010 MT 200, ¶ 14, 357 Mont. 390, 240 P.3d 1016; *State v. Gallagher*, 1998 MT 70, ¶ 15, 288 Mont. 180, 955 P.2d 137 (*Gallagher I*). A district court conducts "adequate initial inquiry" when it considers the defendant's factual complaints together with counsel's specific explanations and makes some sort of critical analysis of the complaint. *Happel*, ¶ 14. The district court's duty during such an inquiry is to determine "whether a conflict is so great as to result in a total lack of communication." *State v. Hendershot*, 2007 MT 49, ¶ 24, 336 Mont. 164, 153 P.3d 619 (quoting *State v. Gallagher*, 2001 MT 39, ¶ 9, 304 Mont. 215, 19 P.3d 817 (*Gallagher II*)). It is the defendant who bears the burden of proving either a total lack of communication or ineffective assistance of counsel. *State v. Kaske*, 2002 MT 106, ¶ 30, 309 Mont. 445, 47 P.3d 824; *Hendershot*, ¶ 24.

¶17    Dethman does not argue on appeal that there was either a total lack of communication or ineffective assistance of counsel on the part of Krakowka. Dethman challenges only the adequacy of the District Court's initial inquiry. However, based on the record, we conclude that Dethman's argument that the District Court erred because "it failed to make even a cursory inquiry into [his] complaints" for new counsel is disingenuous.

¶18    On February 10, 2009, the District Court held a hearing for the "primary purpose" of conducting an initial inquiry into Dethman's request for new counsel. During the hearing, the court considered: Dethman's complaints; Krakowka's explanation regarding the complaints; the Regional Public Defender Office's letters explaining its independent investigation and ultimate refusal to assign Dethman new counsel; the prosecutor's input; and the court's knowledge of Krakowka's performance and communication with Dethman.

¶19    Throughout the hearing, the court afforded Dethman opportunities to further present evidence of his complaints against Krakowka; however, Dethman repeated the same vague assertion that Krakowka was not defending him in the manner he felt he needed to be defended because he refused to present witnesses, testimony, and evidence Dethman requested. While this indicates that Dethman and Krakowka may have had a difference in opinion as to how to proceed with Dethman's case, "[i]t is a time-honored rule . . . that 'courts must accord great deference to defense counsel's exercise of

judgment in determining appropriate defenses and trial strategy.' " *Kaske*, ¶ 33 (quoting *Gallagher II*, ¶ 16). Based on the record presented, we conclude the District Court adequately inquired into Dethman's allegations during the February 10, 2009 hearing and did not abuse its discretion when it determined Dethman's complaints were not seemingly substantial. Further investigation and additional hearings were, therefore, unnecessary. We hold the District Court did not abuse its discretion by denying Dethman's motion to appoint substitute counsel.

**B. The District Court did not err in allowing Dethman to proceed pro se during portions of his trial.**

¶20 The District Court's denial of Dethman's motion for substitution of counsel left Dethman with two options: (1) continue with Krakowka as appointed counsel, or (2) dismiss Krakowka and proceed on his own, pro se. *Craig*, 274 Mont. at 149, 906 P.2d at 688 (citations omitted).

¶21 Defendants have a constitutional right to waive counsel and represent themselves. *State v. Swan*, 2000 MT 246, ¶ 16, 301 Mont. 439, 10 P.3d 102. We indulge in every reasonable presumption against waiver of the right to counsel because defendants who proceed pro se lose many benefits associated with the right to counsel. *Id*. at ¶ 17.

¶22 Section 46-8-102, MCA, allows a defendant to waive the right to counsel "when the court ascertains that the waiver is made knowingly, voluntarily, and intelligently." In *State v. Langford*, we specifically adopted the additional criterion that a request to proceed pro se must be unequivocal. *State v. Langford*, 267 Mont. 95, 99, 882 P.2d 490,

492 (1994). In determining whether or not a defendant's request was unequivocal, we review the record as a whole. *State v. Browning*, 2006 MT 190, ¶ 16, 333 Mont. 132, 142 P.3d 757 (citing *Langford*, 267 Mont. at 102, 882 P.2d at 494); *Swan*, ¶ 25.

¶23   Relying on Ninth Circuit precedent, we stated in *Langford* that a district court does not have to adhere to a rigid set of requirements to ascertain whether a criminal defendant has made a knowing and intelligent waiver of counsel. *Langford*, 267 Mont. at 99, 882 P.2d at 492 (citing *Colt*, 255 Mont. at 406, 843 P.2d at 751). Furthermore, we concluded in *Colt* that "so long as substantial credible evidence exists" to support the district court's decision that a defendant made a voluntary waiver of right to counsel, we will not disturb that decision on appeal because "it is the district court judges who consider, assimilate, and absorb the nuances of each individual case." *Id*. at 100, 882 P.2d at 492 (citations omitted).

¶24   In *Craig*, this Court squarely addressed the situation in which a defendant refuses on the one hand to cooperate with court-appointed counsel and, at the same time, argues he was being forced to proceed pro se in denial of his Sixth Amendment right to counsel. There, we stated:

> In refusing to cooperate with his appointed counsel, and at the same time insisting that he was not asking to proceed *pro se*, Craig was attempting to force the appointment of new counsel. This Court cannot countenance such dilatory and manipulative tactics at the expense of the efficient administration of justice.

*Craig*, 274 Mont. at 153, 906 P.2d at 691.

¶25    Like Craig, Dethman was provided with effective counsel. When Dethman's request for substitute counsel was denied, the District Court warned Dethman repeatedly of the dangers of proceeding pro se, yet Dethman insisted throughout the February 10, 2009 proceeding he would not cooperate with Krakowka and was going to present what he felt was his best defense "with or without [Mr. Krakowka]." Dethman cannot now claim his right to counsel was violated because the District Court honored his decision to proceed without the assistance of counsel.

¶26    Furthermore, Dethman's reliance on *Browning* is inapposite. In *Browning*, the defendant told the district court he wanted to dismiss appointed counsel in order to retain private counsel. *Browning*, ¶¶ 7-8. Ultimately, Browning was not able to retain private counsel for trial and, therefore, had to proceed without any counsel because the district court refused to appoint a fourth public defender to Browning's case. *Id*. at ¶ 8. There, we held that the district court denied Browning the assistance of counsel because it terminated his court-appointed counsel without his having made an unequivocal request to proceed pro se, and without any assurance that Browning had, in fact, retained private counsel. *Id.* at ¶ 23. Different facts exist here; Dethman always had the benefit of proceeding with Krakowka's counsel and, indeed, Dethman chose to utilize Krakowka at various times throughout the trial.

¶27    While the District Court granted Dethman's request to present his own defense at trial without Krakowka, the court appointed Krakowka as standby counsel and constantly

11

reminded Dethman that he could use Krakowka as counsel at any time. During trial, Krakowka was present and attentive at all stages in the trial—he conducted voir dire on behalf of Dethman, sat at counsel table next to Dethman, participated whenever Dethman so requested, and settled jury instructions. At no point in Dethman's case was he without the benefit of counsel whenever he chose to utilize it.

¶28 Finally, a review of the entire record indicates that Dethman unequivocally, knowingly, and voluntarily requested to proceed without Krakowka. During the February 10, 2009 proceeding regarding substitution of counsel, the court made multiple inquiries of Dethman about firing Krakowka, to which Dethman repeatedly responded that he was firing Krakowka and proceeding pro se. For example, when Dethman was asked if he wanted to go to trial without a lawyer, he stated he would present the defense he wanted to present "with or without Mr. Krakowka." The court then asked if that meant Krakowka was not fired, to which Dethman responded "I am firing Mr. Krakowka." Later on, the court asked Dethman point blank if he was making the decision to proceed without Krakowka knowingly and intelligently, to which Dethman replied "yes."

¶29 The District Court determined, based on the nuances of Dethman's case, that Dethman unequivocally and voluntarily waived his right to counsel. Given these circumstances, we conclude the District Court did not err by allowing Dethman to proceed pro se during portions of his trial.

¶30    ***Issue Two.  Did the District Court err by failing to include the full*** **mens rea** ***requirement for the crime of assault on a peace officer in the jury instructions?***

¶31    As a general rule, a party may raise on direct appeal only issues properly preserved before the district court.  *State v. Jackson*, 2009 MT 427, ¶ 41, 354 Mont. 63, 221 P.3d 1213 (citations omitted).  Section 46-16-410(3), MCA, states that "[a] party may not assign as error any portion of the instructions or omission from the instructions unless an objection was made specifically stating the matter objected to, and the grounds for the objection, at the settlement of instructions."  Consequently, we generally will not review jury instructions when the party asserting error did not object to the specific instruction at the settlement of instructions.  *State v. Minez*, 2004 MT 115, ¶ 28, 321 Mont. 148, 89 P.3d 966 (citing *State v. Rinkenbach*, 2003 MT 348, ¶ 11, 318 Mont 499, 82 P.3d 8, *superseded by statute on other grounds*, *State v. Kuykendall*, 2006 MT 110, ¶ 10, 332 Mont. 180, 136 P.3d 983).

¶32    During the settlement of jury instructions, Dethman, who at that point was represented by Krakowka at Dethman's request, did not object to Jury Instruction No. 13, which reflected the elements of the crime of assault on a peace officer.  Moreover, Dethman acquiesced to Jury Instruction No. 13 as it was given.  We have repeatedly stated that "acquiescence in error takes away the right of objecting to it."  *Minez*, ¶ 31 (quoting *State v. Brown*, 1999 MT 339, ¶ 19, 297 Mont. 427, 993 P.2d 672); *State v. Gray*, 2004 MT 347, ¶ 20, 324 Mont. 334, 102 P.3d 1255; § 1-3-207, MCA

("Acquiescence in error takes away the right of objecting to it."). Dethman cannot now claim the District Court erred in giving the instruction to which he agreed.

¶33   On appeal, Dethman argues that despite his failure to object to, and acquiescence in, Jury Instruction No. 13, we should conduct plain error review for a litany of reasons, none of which we deem compelling. Based on the record before us, and because Dethman failed to object, and later acquiesced to the instruction he now challenges, we conclude exercise of plain error review is unnecessary to prevent a manifest miscarriage of justice, leave unsettled the question of the trial's fundamental fairness, or compromise the integrity of the judicial process. *See State v. Finley*, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996), *overruled on other grounds*, *Gallagher II*, ¶ 21.

### CONCLUSION

¶34   For the foregoing reasons we conclude that the District Court did not abuse its discretion in either denying Dethman's motion for substitution of counsel or allowing Dethman to proceed pro se for portions of his trial. Additionally, we conclude the District Court did not err in instructing the jury on the elements of the crime of assault on a peace officer.

¶35   Affirmed.

/S/ PATRICIA COTTER

We concur:

14

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ JAMES C. NELSON