FILED

June 7 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0138

DA 15-0138

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 139N

JOSHUA D. GIDDINGS,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark County, Cause No. CDV 2010-953
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joshua D. Giddings, self-represented, Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant Attorney General, Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs:  April 20, 2016

Decided:  June 7, 2016

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Joshua D. Giddings appeals the findings of fact, conclusions of law, and order denying his petition for postconviction relief entered in the First Judicial District Court, Lewis and Clark County. We affirm.

¶3      In 2007, a jury convicted Giddings of deliberate homicide, tampering with or fabricating physical evidence, and criminal possession of dangerous drugs in connection with a brutal murder. Giddings was sentenced to life in prison without the possibility of parole and appealed his conviction. This Court affirmed the conviction. *State v. Giddings*, 2009 MT 61, 349 Mont. 347, 208 P.3d 363, *cert. denied*, *Giddings v. Montana*, 558 U.S. 892, 130 S. Ct. 227 (2009).

¶4      Giddings filed his pro se petition for postconviction relief in 2010 seeking reversal of his convictions and a new trial. The petition and brief in support raised claims of ineffective assistance of counsel—both at trial and on appeal—and a claim of newly-discovered evidence. The court appointed counsel for Giddings, and Giddings's former counsel submitted affidavits. The court held a hearing on the petition and

thereafter entered findings of fact, conclusions of law, and an order denying all of Giddings's postconviction relief claims. Giddings appeals.

¶5 We review a district court's denial of a petition for postconviction relief to determine whether its findings of fact are clearly erroneous and whether its legal conclusions are correct. *Rukes v. State*, 2013 MT 56, ¶ 8, 369 Mont. 215, 297 P.3d 1195. "A defendant bears a heavy burden in seeking to overturn a district court's denial of postconviction relief based on ineffective assistance of counsel claims" and "must ground his or her proof on facts within the record and not on conclusory allegations." *Baca v. State*, 2008 MT 371, ¶ 16, 346 Mont. 474, 197 P.3d 948 (internal quotations and citations omitted).

**Ineffective Assistance at Trial**

¶6 Giddings argues that he was denied effective assistance of counsel when his trial counsel failed to seek disqualification of the prosecutor who had represented Giddings in a drug charge in 1995. Giddings argues that prosecution of a former client "creates the inherent prospect of a conflict of interest." Giddings defends his reluctance to discuss specifics of the conflict at the postconviction hearing because it would involve disclosing private conversations with his counsel relating to persons involved in the drug trade while Giddings was still in prison. In any event, Giddings argues, the District Court's "proper line of inquiry should be whether it was possible that confidences were disclosed in the prior matter which would be harmful to the client in the subsequent matter." Giddings contends, "Given the common thread of drug possession and transactions between the

3

1995 and 2005 case, it is certainly possible that confidential information disclosed by Giddings to [the prosecutor] was used against him in the 2005 case."

¶7 "We apply the two-part test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), to determine whether counsel rendered ineffective assistance." *Rosling v. State*, 2012 MT 179, ¶ 23, 366 Mont. 50, 285 P.3d 486. "A defendant must show that counsel's representation was deficient, and that counsel's deficient representation prejudiced the defense." *Rosling*, ¶ 23. Deficient performance is found where "counsel's performance fell short of the range of competence required of attorneys in criminal cases. In order to constitute ineffective assistance, counsel's conduct must flow from ignorance or neglect rather than from strategic decisions and trial tactics." *State v. Hendricks*, 2003 MT 223, ¶ 7, 317 Mont. 177, 75 P.3d 1268 (citation omitted). "Courts must accord great deference to defense counsel's exercise of judgment in determining appropriate defenses and trial strategy." *State v. Dethman*, 2010 MT 268, ¶ 19, 358 Mont. 384, 245 P.3d 30 (citation and internal quotation marks omitted). A defendant bears the burden to overcome the presumption that counsel acted in a reasonable, professional manner. *Sartain v. State*, 2012 MT 164, ¶ 44, 365 Mont. 483, 285 P.3d 407.

¶8 In denying the petition, the court ruled that Giddings had failed to demonstrate ineffective assistance of trial counsel. The court concluded that Giddings's counsel made a reasonable tactical decision not to seek disqualification, that Giddings has provided "no information known by [the prosecutor] that played a part in the current case," and that

4

"the matter in which [the prosecutor] represented [Giddings] over eight years prior was unrelated to the charges in this case and was sufficiently attenuated in all respects."

¶9 We agree with the District Court. At the postconviction hearing, Giddings made only vague references to knowledge he shared with the prosecutor involving the "local drug trade" in the 1995 case. He presented no specific connections between the 1995 case and the current case, alleging only that both cases involved "many, many, many names" of the same people. As the court correctly observed, Giddings presented "no connection between the two cases other than his vague references to persons in a 'drug circle.'"

¶10 Furthermore, in her affidavit, Giddings's original trial counsel explained how she researched the alleged conflict, determined the lack of connection between the two cases, and concluded that "there were not sufficient grounds to remove [the prosecutor] from the case." She noted,

> The representation had been eight years earlier and related to a drug charge. In this case, we are not contesting the drug charge. The wealth of drug information that came out at trial related to drug activity within the 12 or 18 months before the homicide. None of the evidence was generated by an eight-year old conviction of Giddings.

There is nothing in trial counsel's decision on this matter that would indicate that her performance "fell short of the range of competence required of attorneys in criminal cases." *Hendricks*, ¶ 7. Her affidavit demonstrates that she did not neglect to investigate the alleged conflict but rather reasonably considered it and made a strategic decision not to seek removal. *Hendricks*, ¶ 7. The District Court correctly accorded "great deference

5

to defense counsel's exercise of judgment in determining appropriate defenses and trial strategy," and we do the same. *Dethman*, ¶ 19. Accordingly, we conclude that Giddings has failed to meet the first prong of the *Strickland* test by showing that counsel's representation was deficient. "Because a defendant must prove both prongs, an insufficient showing under one prong eliminates the need to address the other." *Sartain*, ¶ 11. Therefore, we affirm the District Court's decision denying Giddings postconviction relief on the ground of ineffective assistance at trial.

**Ineffective Assistance on Appeal**

¶11     Giddings argues that his fundamental right to be present and meaningfully participate in his own defense was violated when he "was precluded from appearing at three critical pretrial hearings." Giddings focuses his argument primarily on the January 2, 2007 pretrial hearing where the record demonstrates that, although he was transported from the Montana State Prison to Helena on the date of the hearing, he did not make it to Helena in time to be present for the hearing. The purpose of the January 2 hearing was for defense counsel to argue their motion to dismiss. Giddings contends that if he had attended the hearing he could have instructed his attorneys to scrutinize the State's lead investigator's claims that a witness who had previously testified against Giddings was not receiving any special treatment or consideration in exchange for his testimony. Giddings alleges that the witness was allowed to enroll in bootcamp, despite having an outstanding warrant, in exchange for testimony favorable to the State. Giddings argues that his absence at the January hearing prejudiced him because "he could

6

not observe the proceedings that involved extensive testimony from the State's lead investigator, but also because he could not pass on valuable first[-]hand knowledge to his attorneys about how inmate warrants and admission into boot camp worked."

¶12 In Giddings's postconviction relief petition, the only claim he made regarding his absence from pretrial proceedings was a claim that appellate counsel was ineffective for failing to raise the issue on appeal. The court held that Giddings was not denied effective assistance of appellate counsel because the record was not clear whether Giddings was present at each of the hearings. The court concluded that without a clear record, appellate counsel could not have raised the issue. In his proposed findings of fact and conclusions of law, Giddings conceded that he could not prove ineffective assistance of appellate counsel on this claim. Regarding Giddings's claim that his absence at pretrial hearings violated his constitutional rights, the District Court observed that the petition did not raise any claim that trial counsel were ineffective for failing to ensure his presence at all pretrial hearings or any claim of plain error. The District Court allowed Giddings to amend his petition but Giddings never did so.

¶13 Despite Giddings's failure to raise the issue as an ineffective assistance of trial counsel claim or a due process claim subject to review under plain error, the court addressed both potential claims. With respect to ineffective assistance of trial counsel, the court noted,

> [Giddings] was represented by three experienced trial attorneys and all three attended each of the hearings at issue. Each was necessarily aware if [Giddings] was not present at a hearing. [Giddings] clearly had opportunities to communicate with any of the three attorneys during trial.

7

Nothing prevented him from raising the issue of his presence at pretrial hearings. Common sense dictates that any dissatisfaction with one of three attorneys could be cured by communication with one or both of the others. Moreover, it undermines any claim of deficient performance.

With respect to plain error, the court found "no basis here to conclude that failure to review the error would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process."

¶14 We generally will not address issues raised for the first time on appeal. *State v. Gunderson*, 2010 MT 166, ¶ 99, 357 Mont. 142, 237 P.3d 74. If fundamental rights are at stake, however, we may review the claim under the common law plain error doctrine. *Gunderson*, ¶ 99. Plain error review is discretionary and we apply it "sparingly, on a case-by-case basis." *State v. Favel*, 2015 MT 336, ¶ 23, 381 Mont. 472, 362 P.3d 1126. To obtain plain error review, the appealing party must: "(1) show that the claimed error implicates a fundamental right and (2) firmly convince this Court that failure to review the claimed error would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings or compromise the integrity of the judicial process." *Favel*, ¶ 23 (citation and internal quotation marks omitted). "[A] mere assertion that constitutional rights are implicated or that failure to review the claimed error may result in a manifest miscarriage of justice is insufficient to implicate the plain error doctrine." *Gunderson*, ¶ 100.

¶15 With respect to his personal presence claims, Giddings did not raise due process or ineffective assistance of trial counsel claims at trial, on appeal, or in his postconviction

petition. Giddings has not met his burden to convince this Court to invoke the plain error doctrine to reverse the denial of his postconviction petition. Giddings offers only speculation that the witness who testified at the January 2 hearing was afforded special treatment from the State for testifying against Giddings. Moreover, the witness testified at trial in Giddings's presence. Trial counsel cross-examined him at length about his criminal record and about any favors the State may have done for him in exchange for his testimony. At that point, Giddings could have provided any information he had regarding the witness's credibility to trial counsel. Nothing in the record convinces us that "failing to review the alleged error may result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings, or compromise the integrity of the judicial process." *Favel*, ¶ 23. We therefore decline to invoke the plain error doctrine, and we affirm the District Court's denial of Giddings's postconviction claim on this issue.

**Newly-Discovered Evidence Claim**

¶16 In postconviction, Giddings raised a claim of newly-discovered evidence based on his allegation that an investigation revealed that another person made threatening statements about the victim and implicated himself in the murder. On appeal, Giddings argues that his new evidence claims must be remanded for consideration under this Court's analysis in *Marble v. State*, 2015 MT 242, 380 Mont. 366, 355 P.3d 742, and *Wilkes v. State*, 2015 MT 243, ¶ 15, 380 Mont. 388, 355 P.3d 755.

¶17 The District Court denied Giddings's claim, concluding that the new evidence was only "some discussion by an inmate who later told [Giddings's] investigator that more than four years earlier, while he was sitting in a car talking on the phone, he overheard a person involved in a drug transaction outside the car say something about getting away with something." Relying on *State v. Beach*, 2013 MT 130, ¶ 8, 370 Mont. 163, 302 P.3d 47, *overruled in part on other grounds by Marble* (hereafter *Beach II*), the court inquired into the reliability of the evidence and observed that the alleged statement contained "no reference to a particular crime, act, person (victim), date, place, or time." The court concluded that the evidence was not trustworthy because the inmate who allegedly heard the statement stated at a subsequent evidentiary hearing that he "remembers nothing, including the person who allegedly spoke the words, the investigator who interviewed him, and the entire scenario." Because the court deemed the evidence unreliable, it did not take the next step of analyzing it together with the evidence presented at trial.

¶18 Our decision in *Marble* did not affect the threshold requirements that alleged newly-discovered evidence must be reliable to be considered under § 46-21-102, MCA. *Beach II*, ¶¶ 8, 23. The District Court did not err in concluding that the new evidence was unreliable. Therefore, we affirm the District Court's denial of Giddings's petition for postconviction relief on the ground of newly-discovered evidence.

¶19 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear

application of applicable standards of review. It is clear from the record before us that the District Court's findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted, and the record supports the District Court's denial of Giddings's petition for postconviction relief.

¶20 We affirm.

/S/ BETH BAKER

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE