ORIGINAL

FILED

02/21/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0146

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 22-0146

STATE OF MONTANA,

Plaintiff and Appellee,

v.

TYLER FREDERICK ERICKSON,

Defendant and Appellant.

ORDER

FILED

FEB 2 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Tyler Erickson appeals his February 2022 convictions for felony possession of dangerous drugs in the Lake County District Court. He is represented on appeal by Michael Klinkhammer, who filed Erickson's opening brief on July 14, 2022. The State of Montana filed its brief in response on November 15, 2022. Klinkhammer requested and was granted an extension of time until December 29, 2022, to file Erickson's reply brief. No reply brief was filed. On February 8, 2023, the case was submitted to a five-justice panel of this Court.

The following day, Erickson wrote a letter, which he sent directly to this Court, raising concerns about Klinkhammer's representation of him on appeal and his failures to withdraw from Erickson's representation on appeal and return the money his mother borrowed to finance the appeal; to raise preserved issues that Erickson wished to appeal; to provide Erickson with a copy of the State's brief on appeal; or to prepare and file a reply brief in the appeal. Erickson asserts that he did not receive a copy of the State's brief until his Appellate Defender in a different appeal provided it at Erickson's request. Erickson requests this Court for the following relief:

> to please vacate the current review of the incomplete appeal, withdraw Mr. Klinkhammer's Opening Brief and the State's Response, remove Mr. Klinkhammer from my case and forward the case to the Office of Appellate Defenders to redo my appeal properly and to completion to prevent a serious miscarriage of justice.

An indigent defendant has the right to counsel on appeal. Section 46-8-104(1)(d), MCA. *State v. Swan*, 199 Mont. 459, 467, 649 P.2d 1297, 1301-02 (1982). "However, 'the right to assistance of counsel does not grant defendants the right to counsel of their choice.'" *State v. Dethman*, 2010 MT 268, ¶ 15, 358 Mont. 384, 245 P.3d 30 (internal citations omitted). A defendant who has exhausted the right of direct appeal also may assert a claim for ineffective assistance of appellate counsel in a timely filed petition for post-conviction relief. *See* Title 46, ch. 21, MCA.

Here, Erickson's request comes while the Court has his direct appeal under consideration. Under the circumstances, we deem it appropriate to allow Mr. Klinkhammer to respond to Erickson's letter, without revealing privileged communications or information.

IT IS THEREFORE ORDERED that the Clerk of this Court shall file Tyler Erickson's February 9, 2023 letter to the Supreme Court in the case file for this appeal and provide copies of the same to all counsel of record.

IT IS FURTHER ORDERED that Michael Klinkhammer shall have twenty days from the date of this Order to file his response to Erickson's letter and shall serve copies of the same on his client and all counsel of record.

The Clerk is directed to provide a copy of this Order to counsel of record and to Tyler Erickson personally.

DATED this 21st day of February, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

2